JOHN STICKELMAN, CARROLL D. RASMUSSEN, LAW-VON D. RASMUSSEN, LOWELL C. McKIM, JEAN C. McKIM, AND DARROLD E. TERMUNDE, APPELLANTS, v. MARY MORONI, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF GINO MORONI, MARLENE ETTL, MICHAEL ETTL, DEANNA MORONI, ALFRED MORONI, AND EXTRA POLLINATING SERVICE, INC., A CALIFORNIA CORPORATION, ET AL., RESPONDENTS.

No. 10593

August 31, 1981

632 P.2d 1159

*Daniel R. Walsh,* Carson City, for Appellants.

*Vargas & Bartlett,* and *Robert W. Marshall,* Reno; *Erickson, Thorpe, Swainston & Cobb, Ltd.,* Reno, for Respondents.

## OPINION

*Per Curiam:*

The appellants commenced this action against respondent-defendants Moronis and Ettls to recover damages for fraud perpetrated by them in inducing the appellants to sell them appellants' land in Nye County.

Appellants in the same complaint sued respondent-defendant Extra Pollinating Service, Inc. (hereinafter referred to as "EPS") for damages for breach of contract in providing bees to pollinate appellants' alfalfa fields. EPS did supply the bees but appellants claim the bees failed to pollinate properly the alfalfa and alleged in their complaint for damages breach of warranties of merchantability, fitness for a particular purpose, and fraudulent misrepresentation. Appellants seek reversal in this court. This we decline to do and affirm.

## THE FACTS

### The Land Purchase

1. Appellants are farmers who moved to Nevada from the midwest; in 1966 they purchased and commenced farming 2800 acres in Stonecabin Valley. From the start, appellants encountered financial difficulties: they showed no profit in either 1966 or 1967. After an unsuccessful attempt to sell part of their land, the appellants contracted with respondents Moronis for the sale of 1900 of the 2800 acres; in the same transaction appellants leased back 640 of the acres sold to the Moronis with the expectation of raising a crop of alfalfa seed on the leased property. From the beginning of the lease appellants failed to perform their obligations. In 1970 the Moronis reclaimed possession of the land. Appellants then filed suit against the respondents Moronis alleging fraudulent misrepresentation in inducing the appellants to sell their land.

### The Bee Pollination

2. In order to pollinate the alfalfa, appellants contracted with EPS in 1969 to supply leafcutter bees to the two parcels leased from the respondents Moronis. EPS promised to use

"the best of its ability" in order to achieve a successful pollination of the alfalfa seed crops; to this end they brought onto the leased parcels over thirteen million bees, but the bees did not perform. Inclement weather defeated the efforts of the bees, EPS, and the appellants. In the end, the attempt to achieve a successful pollination by using leafcutter bees failed. Appellants then filed suit against EPS alleging breach of contract, breach of warranties of merchantability, fitness for a particular purpose, and fraudulent misrepresentation. On appeal appellants additionally argue that the doctrines of strict liability in tort and res ipsa loquitor are applicable in holding EPS accountable for the bees' failure to pollinate the alfalfa.

## THE EVIDENCE

Appellants' principal argument on this appeal is that the evidence presented below does not support the judgment. We have reviewed the record and the 77 findings of fact entered by the trial judge. The record is replete with evidence to support the findings. This court has held repeatedly that where a question of fact has been determined by the trial court, this court will not reverse unless the judgment is clearly erroneous or not based on substantial evidence. NRCP 52(a). Kockos v. Bank of Nevada, 90 Nev. 140, 520 P.2d 1359 (1974); Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973); B & C Enterprises v. Utter, 88 Nev. 433, 498 P.2d 1327 (1972); Savini Constr. Co. v. A. & K. Earthmovers, Inc., 88 Nev. 5, 492 P.2d 125 (1972); Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970); Richfield Oil Corp. v. Harbor Ins. Co., 85 Nev. 185, 452 P.2d 462 (1969). After a complete and exhaustive review of the record before us, we are unable to conclude that any of the lower court's findings are unsupported by substantial evidence.

## THE PHOTOGRAPH

Appellants contend that the trial court erred in receiving in evidence an aerial photograph. They argue that the photograph was not taken at the time represented by respondents. We have reviewed the testimony and conclude that the requirement of NRS 52.025 relating to the authenticity of photographic evidence was met. The trial court did not err in allowing the photograph into evidence.

## THE EXPERT TESTIMONY

Appellants also contend that the court erred in admitting the opinion testimony of Dr. Thorp, an Associate Professor of

Entomology. Dr. Thorp was presented to rebut the testimony of appellants' expert witness on bees. Dr. Thorp reviewed the depositions, diaries, summaries of plaintiffs' evidence and weather reports before testifying regarding the bees. This court will not disturb a lower court's determination that expert testimony is admissible unless it is clear that the trial judge abused the discretion vested in him in allowing such testimony. Provence v. Cunningham, 95 Nev. 4, 588 P.2d 1020 (1979). In the instant case it was not an abuse of discretion to receive the expert witness testimony.

### APPELLANTS' REMAINING CONTENTIONS

On appeal appellants also suggest that the doctrine of strict liability in tort establishes the liability of EPS for the bees' failure to pollinate. We do not agree. To support their strict liability argument appellants argue that they need prove only that the bees were defective, citing Ginnis v. Mapes Hotel Corp., 86 Nev. 408, 470 P.2d 135 (1970). We fail to follow appellants' reasoning. In *Ginnis* this court adopted the following definition of defect in a strict liability setting: "those products are defective which are dangerous because they fail to perform in the manner reasonably to be expected in light of their nature and intended function." Ginnis v. Mapes Hotel Corp., *supra,* 413. The purpose of the bees was to pollinate the alfalfa fields; the bees were not dangerous. The doctrine of strict liability has no application in the instant case. Likewise we reject appellants' contention that the doctrine of res ipsa loquitor is applicable. The lower court's finding that EPS did not breach the provisions of its contract is supported by substantial evidence.

For the reasons herein expressed we affirm the judgment of the lower court in every respect.