SHAEL YOUNG AND CHARLES R. ELLIS, TRUSTEES FOR THE BENEFIT OF LOSI, ALPERN, ROSS & ASSOCIATES PROFIT SHARING PLAN AND TRUST, LOSI, ALPERN, ROSS & ASSOCIATES PROFIT SHARING PLAN AND TRUST, SHAEL YOUNG AND CHARLES R. ELLIS, TRUSTEES FOR THE BENEFIT OF ROMAIN JOHNSTON PRODUCTIONS INC. PENSION PLAN AND TRUST, ROMAIN JOHNSTON PRODUCTIONS, INC. PENSION PLAN AND TRUST, SHAEL YOUNG AND CHARLES R. ELLIS, TRUSTEES FOR THE RAYMOND LOSI TRUST; RAYMOND LOSI TRUST, SHAEL YOUNG AND CHARLES R. ELLIS, TRUSTEES FOR THE DON ROBERTS DESIGN, INC. DEFINED BENEFIT PENSION PLAN AND TRUST; DON ROBERTS DESIGN, INC., DEFINED BENEFIT PENSION PLAN AND TRUST, SHAEL YOUNG AND CHARLES R. ELLIS, TRUSTEES FOR THE B.F.D. & S. REALTY CO. PENSION PLAN AND TRUST, B.F.D. & S. REALTY CO. PENSION PLAN AND TRUST, NEVADA SOUTHERN TITLE, SHAEL YOUNG AND CHARLES R. ELLIS, TRUSTEES FOR THE BENEFIT OF ROCHESTER METALS, INC. PROFIT SHARING PLAN AND TRUST, ROCHESTER METALS, INC. PROFIT SHARING PLAN AND TRUST, SHAEL YOUNG AND CHARLES R. ELLIS, TRUSTEES FOR THE BENEFIT OF JORDAN FILMS, INC. PENSION PLAN AND TRUST AND JORDAN FILMS, INC., PENSION PLAN TRUST, APPELLANTS, v. NEVADA TITLE COMPANY, FIRST AMERICAN TITLE COMPANY OF NEVADA, CHICAGO TITLE AGENCY OF LAS VEGAS, INC., ROBERT SERRES, JOAN SERRES, AKA MARCOTT, LTD., JOSEPH T. PRESTIPINO, SUBURBAN COASTAL CORP., MICHAEL CHRISTIAN AND GWENDOLYN CHRISTIAN, ADRIENNE PONSOLLE, KENNETH JONES AND BARBARA JONES, JARED SCHAFFER, ADMINISTRATOR OF THE ESTATE OF ROBERTO MUNSON, DECEASED, JAMES E. GARRETT AND JOHN E. GARRETT, DAVID A. LOVE, KAREN LOVE, ERIC C. MURRAY, BARBARA M. MURRAY AND MINNESOTA TITLE COMPANY, LAND TITLE OF NEVADA INC., AND MARY FRANCES KELLEY AND JOYCE PEGGY BREAZ, RESPONDENTS.

No. 17431

October 29, 1987                                  744 P.2d 902

[Rehearing denied November 30, 1987]

*Thompson & Harper,* Las Vegas for Appellants.

*Robert M. Apple,* Las Vegas, for Respondents Nevada Title Company, First American Title Company of Nevada, Chicago Title Agency of Las Vegas, Inc., Robert Serres, Joan Serres, aka Marcott, Ltd., Joseph T. Prestipino, Suburban Coastal Corp., Michael Christian and Gwendolyn Christian, Adrienne Ponsolle, Kenneth Jones and Barbara Jones, Jared Schaffer, Administrator of the Estate of Roberto Munson, Deceased, James E. Garrett and John E. Garrett.

*R. Gardner Jolley,* Las Vegas, for Respondents David A. Love, Karen Love, Eric C. Murray, Barbara M. Murray and Minnesota Title Company.

*Bill C. Hammer,* Las Vegas, for Respondents Land Title of Nevada, Inc. and Mary Frances Kelley.

*Kelly Swanson,* Las Vegas, for Respondent Joyce Peggy Breaz.

## OPINION

*Per Curiam:*

This appeal involves four very similar cases where a mortgage broker, American Investor's Management (AIM), failed to give the lenders, appellants Young and Ellis (trustees) the payoffs from the individual borrowers' loans. The lenders sought to foreclose on the borrowers' homes when the payments became delinquent. The various title companies and the individual borrowers then sued for declaratory and injunctive relief to halt the foreclosures and declare the parties' rights in the real property. The district court, after a bench trial, found in favor of the borrowers and title companies. The lenders appeal. We affirm the judgment, except for the award of attorneys' fees and one erroneous finding and conclusion.

Young and Ellis first argue there was insufficient evidence to support the district court's finding that AIM was their agent. As a general rule, the existence or non-existence of an agency is a question of fact. Northern Nev. Mobile Home v. Penrod, 96 Nev. 394, 397, 610 P.2d 724, 726 (1980). It is well established that we will not reverse a question of fact determined by the trial court unless it is clearly erroneous or not based on substantial evidence. Stickelman v. Moroni, 97 Nev. 405, 407, 632 P.2d 1159, 1161 (1981).

Young and Ellis reiterate their argument below that AIM was the agent of the individual borrowers and not the agent of the

lenders. They first argue that a mortgage loan broker is generally considered to be the agent of the borrower. *See* Wyatt v. United Mortgage Company, 598 P.2d 45, 50 (Cal. 1979). They maintain that because the borrowers first retained AIM for purposes of negotiating the loan, paid points for the loan in addition to a monthly fee to AIM, and because AIM retained the original notes and deeds of trust, that it is clear AIM could only be considered the agent of the borrowers. (These facts are not disputed by the title companies.)

The title companies point out that even if AIM was the agent of the individual borrowers, this does not preclude a finding that AIM was also the agent of the lenders. The same person or entity may act as the agent for two parties interested in the same transaction when their interests do not conflict and where loyalty to one does not necessarily constitute breach of duty to the other. *See* Nevada Nickel Syndicate, Ltd. v. National Nickel Co., 96 F. 133, 147 (C.C.D.Nev. 1899); *see also* Knudsen v. Weeks, 394 F.Supp. 963 (Okla. 1975). Further, Nevada statutes contemplate that a mortgage company acts as a dual agent because a mortgage company is defined as

> any person who, directly or indirectly: (a) Holds himself out for-hire to serve as an agent for any person in an attempt to obtain a loan which will be secured by a lien on real property; (b) Holds himself out for hire to serve as an agent for any person who has money to lend, if the loan is or will be secured by a lien on real property. . . .

NRS 645B.010(3). No one disputes that AIM was, at all times relevant to this appeal, a mortgage company licensed to do business in Nevada.

The district court was correct in finding that AIM acted as agent for Ellis and Young, and there is ample evidence to support this finding. We therefore affirm the district court's findings and conclusions on this issue as they are not either clearly erroneous or unsupported by evidence. *See* Stickelman v. Moroni, 97 Nev. at 407, 632 P.2d at 1161. Further, once the finding of agency is confirmed, the trustees' liability is clear. A principal may be bound by the acts of its agent as to third parties (here the borrowers) who have no reason to know of the agent's improper conduct. This is so even when the agent acts for his own motives and without benefit to his principal. Home Savings v. General Electric, 101 Nev. 595, 600, 708 P.2d 280, 283 (1985). The court also found the title companies negligent and therefore partially liable. We affirm the district court's judgment on this

point. Our resolution of this issue makes it unnecessary to address the trustees' claim concerning their status as third party beneficiaries to the escrow contracts.

Ellis and Young next contend that findings 77, 78, 79, 81 and 83 are not supported by the evidence. We presume that the decision is supported by evidence and will only consider arguments which specifically state how the evidence was not sufficient. *See* Rosina v. Trowbridge, 20 Nev. 105, 116, 17 P. 751, 756 (1888). "It should not be expected that we will comb the record in such a situation, [where the record is voluminous] to ascertain if the evidence sustains the finding." Paterson v. Condos, 55 Nev. 134, 145, 28 P.2d 499, 501-502 (1934). Young and Ellis have not met their burden of pointing out how the evidence on the contested findings was insufficient, and we therefore affirm the district court's findings.

Next, Young and Ellis maintain the district court incorrectly allowed evidence to be introduced in violation of the best evidence rule. The title companies offered evidence, which was received, consisting of copies of a file compiled by the State Department of Commerce during its investigation of AIM. This evidence was offered to prove that the trustees had notice that AIM claimed to have advanced monies on their behalf, i.e. by keeping certain trust deeds current and advancing other monies to service certain of the trustees' accounts. Young and Ellis objected to this evidence on the basis of the best evidence rule (NRS 52.235) claiming that the correspondence did not prove that AIM had in fact advanced monies on behalf of the trustees. Young and Ellis now raise this objection as a point of error on appeal.

The best evidence rule provides: "To prove the content of a writing, recording or photograph, the original writing, recording or photograph is required, except as otherwise provided in this Title." NRS 52.235. NRS 52.245 allows duplicates to be admitted and NRS 52.255 provides for the admissibility of other evidence of contents.

The best evidence rule requires production of an original document where the actual contents of that document are at issue and sought to be proved. McCormick defines the rule as follows: "[I]n *proving the terms of a writing,* where the terms are material, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent." Cleary, *McCormick on Evidence,* at 560 (2d ed. 1972), (emphasis added). Here, the content of the correspondence file was not at issue, and the evidence was not offered to prove the terms of a writing. Thus, the best evidence rule would not bar admission of the copies.

Next, Young and Ellis assert the district court erred in considering the testimony of Harry Mills, the former manager of AIM, in reaching its decision. It has long been established in Nevada that issues regarding the credibility of witnesses are the province of the trier of fact. *See* State of Nevada v. Y.J.S.M. Co., 5 Nev. 340, 342 (1870). It is the prerogative of the trier of facts to evaluate the credibility of witnesses and determine the weight of their testimony, and it is not within the province of the appellate court to instruct the trier of fact that certain witnesses or testimony must be believed. Beverly Enterprises v. Globe Land Corp., 90 Nev. 363, 365, 526 P.2d 1179, 1180 (1974). Consequently, this issue is without merit.

Young and Ellis next insist that the trial court's limitations on the presentation of evidence prejudicially affected their case. They correctly note that the district court, after hearing several days of testimony, did put limitations on the presentation of evidence by both parties.

Although it is clear that trial judges have wide discretion in how they wish to conduct a trial, this discretion is not without limits. The Nevada Code of Judicial Conduct provides that: "A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity. . . ." Canon 3A(3). Further, "[a] judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law. . . ." Canon 3A(4). However, a judge also should dispose promptly of the business of the court. Canon 3A(5). Our review of the record shows that, although the district court manifested some impatience, it did not abuse its discretion.

Young and Ellis next contend that the district court erred by entering judgment in favor of non-parties to the action. This contention has merit. The relevant part of the judgment states:

> IT IS FURTHER ORDERED, ADJUDGED, DECREED AND DECLARED, that, in the event any of the parties to this action, who are classified as borrowers, *or any non-parties to this action* who are classified as borrowers in the several escrows involved, sustain damages by virtue of their relationship with the various named title companies, as a result of a failure of fiduciary duty on the part of the title company involved to that borrower, this court retains jurisdiction to hear any such claims and award damages as appropriate.

(Emphasis added.) The judgment goes on to recite that the trustees shall be liable for 80 percent of such damages and the title companies liable for 20 percent.

The district court was without the power to retain jurisdiction over non-parties because it never had such jurisdiction in the first place. A court does not have jurisdiction to enter judgment for or against one who is not a party to the action. Quine v. Godwin, 646 P.2d 294, 298 (Ariz.Ct.App. 1982); Fazzi v. Peters, 440 P.2d 242, 245 (Cal. 1968). Accordingly, it is clear the district court erred in entering judgment in favor of non-parties.

The trustees' final contention is that the district court erred in awarding attorney fees to the title companies. This contention is also meritorious. It is well established in Nevada that attorneys' fees cannot be recovered unless authorized by agreement or by statute or rule. *See* Sun Realty v. District Court, 91 Nev. 774, 776, 542 P.2d 1072, 1074 (1975). There was no express or implied agreement in this case so the issue is whether there is a statute or rule granting the award.

Pertinent portions of NRS 18.010 applicable to this case provided for attorneys' fees to the plaintiff or counterclaimant as prevailing party when the plaintiff has not recovered more than $10,000.00, or to the defendant as prevailing party when the plaintiff has not sought recovery in excess of $10,000.00. NRS 18.010 (1984). We have held that where the plaintiff seeks declaratory or other non-monetary relief, attorneys' fees may not be awarded. *See* City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970); *accord* International Indus. v. United Mtg. Co., 96 Nev. 150, 606 P.2d 163 (1980). Here, damages were neither sought nor awarded.

The title companies submit, however, that we have approved awards of attorneys' fees as damages when properly pleaded and proved. Board of Co. Comm'rs v. Cirac, 98 Nev. 57, 59, 639 P.2d 538, 539 (1982). In the instant case the complaint merely requested attorneys' fees as part of the relief along with costs and "such other and further relief as the Court may deem just and proper under the premises." The award of fees in this case was improper because a mere request for fees is not sufficient to meet our requirement that fees, in a case which does not contemplate monetary relief, must be pleaded and proven as damages.

The district court's decision is correct except for those portions of the judgment awarding relief to non-parties and attorneys' fees to respondents. Therefore, we modify the judgment to vacate those portions, and otherwise affirm the judgment of the district court.