JANET F. McKINZIE, INDIVIDUALLY AND AS TRUSTEE OF THE DUAYNE D. CHRISTENSEN LIVING TRUST, APPELLANT, v. NEVADA LIVESTOCK PRODUCTION CREDIT ASSOCIATION, RESPONDENT.

No. 21873

December 20, 1991                                        822 P.2d 1113

*Woodburn, Wedge & Jeppson* and *Lynne K. Jones,* Reno, for Appellant.

*Marvel & Hansen,* Elko, for Respondent.

## OPINION

*Per Curiam:*

The underlying claim in this case involves a promissory note. Respondent, Nevada Livestock Production Credit Association

(Nevada Livestock), sued appellant, Janet McKinzie (McKinzie), and others seeking a deficiency judgment. Nevada Livestock also alleged fraud and sought punitive damages. Eventually, a very short trial was held. McKinzie did not appear and was not represented at the trial. In December of 1990, a previously vacated default judgment was reinstated against McKinzie, awarding Nevada Livestock compensatory damages of more than $700,000.00 and punitive damages of $1,000,000.00.

On appeal, McKinzie raises many issues, the most serious of which involves the lack of evidence found in the record on appeal. Apparently, a unilateral prove-up hearing was held before the original default judgment was entered in 1988. According to Nevada Livestock, evidence was presented at that hearing, and it is that evidence which supports the judgment of the district court. Unfortunately, an account of that 1988 hearing is not found in the record on this appeal. Accordingly, we conclude that, based upon the lack of substantial evidence found in the record on appeal, this court has little choice but to reverse and remand this case.

Under NRCP 52(a), the district court's judgment regarding questions of fact will generally not be disturbed "unless the judgment is clearly erroneous or not based upon substantial evidence." Stickleman v. Moroni, 97 Nev. 405, 407, 632 P.2d 1159, 1161 (1981). The trial conducted on December 4, 1990, was very short and without the presence of McKinzie or counsel appearing on her behalf.[1] The transcript from the trial is less than four pages long. No evidence was presented, and no exhibits were introduced by the complaining party. Based upon McKinzie's failure "to be in a position to present any evidence," the court simply reinstated the default judgment entered on June 14, 1988.

Nevada Livestock contends that the court's decision was based upon "the oral and documentary evidence that had been presented in 1988." Unfortunately, the record of the 1988 hearing is not included in the record on appeal. The only "evidence" in the record (which was not introduced at the December 4 trial) are fifteen exhibits, apparently from the 1988 hearing. McKinzie asserts that insufficient evidence was presented with respect to all of the findings of the court.

Upon a thorough review of the record, we conclude that it is simply insufficient to support the factual findings of the district court. Although sufficient evidence may have in fact been presented at the 1988 hearing, it is impossible for this court to review that evidence when no transcript of the 1988 hearing is found in the record on appeal. The record on appeal is very

---

[1]The record suggests that McKinzie did not receive notice of the trial date prior to the occurrence of the trial.

incomplete. There is virtually no evidence in the record to support the findings of the district court. Based upon the inadequacy of the record, we must reverse and remand this case.