129 Nev., Advance Opinion 97
IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE MICHAEL ABOUD AND BETTY JO ABOUD INTER VIVOS TRUST DATED JANUARY 5, 1979, AS AMENDED.

No. 55303

**FILED**

DEC 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

I.C.A.N. FOODS, INC.; KENDALL SWENSEN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BETTY JO ABOUD; AND DAVID BRAHEEM ABOUD,
Appellants,
   vs.
MICHELLE RAE ABOUD SHEPPARD AND MICHAEL ABOUD,
Respondents.

MICHELLE RAE ABOUD SHEPPARD,
Cross-Appellant,
   vs.
I.C.A.N. FOODS, INC.; KENDALL SWENSEN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BETTY JO ABOUD; AND DAVID BRAHEEM ABOUD,
Cross-Respondents.

Appeal and cross-appeal from a district court judgment in a trust action. Sixth Judicial District Court, Humboldt County; Richard Wagner, Judge.

*Affirmed in part, reversed in part, and remanded.*

Lemons, Grundy & Eisenberg and Tiffinay B. Pagni, Robert L. Eisenberg, and Douglas R. Brown, Reno,
for Appellants/Cross-Respondents.

 

J. Douglas Clark Attorney at Law, Ltd., and J. Douglas Clark, Reno,
for Respondent/Cross-Appellant Michelle Rae Aboud Sheppard.

Michael Aboud, Sun Valley,
in Proper Person.

---

BEFORE PICKERING, C.J., HARDESTY and SAITTA, JJ.

*OPINION*

By the Court, HARDESTY, J.:

This appeal and cross-appeal concern trust property that was transferred from the trust to a limited partnership for consideration and by consent of all of the trust beneficiaries. Subsequently, the partnership transferred the property to a third-party business. We must now determine whether the in rem jurisdiction over trust assets conferred upon a district court by NRS 164.010(1) and NRS 164.015(6) permits that court to impose a constructive trust on this previous trust property based on the alleged improper transfer made by the partnership to the third party. We also must address whether the district court erred by entering a personal monetary judgment against the former trustee and the third party holding former trust assets based on the district court's in rem jurisdiction.

Because in rem jurisdiction only extends to property and the disputed assets were no longer trust property after they were transferred to the limited partnership, we conclude that NRS 164.010(1) and NRS 164.015(6) did not confer jurisdiction upon the district court to enter a constructive trust on those assets and a personal monetary judgment against the former trustee and third-party company. Because the claims

against the former trustee arose from alleged breaches of fiduciary duties to the limited partnership and not to the trust, the district court erred by entering a personal judgment against the former trustee in a trust accounting action.

## FACTS

In 1979, Betty Jo and Michael Aboud, a married couple, created an inter vivos trust, which they amended in 1983 and again in 1993. The inter vivos trust's assets consisted of various real property and a restaurant known as The Griddle.

Michael Aboud died in 1998, and, pursuant to the trust's terms, the trust assets were divided and distributed into a survivor's trust and an irrevocable residual trust. The residual trust named as beneficiaries the couple's four adult children: appellant/cross-respondent David Braheem Aboud, respondent Michael J. Aboud, respondent/cross-appellant Michelle Rae Aboud Sheppard, and Robin Maureen Aboud Gonzales.[1] Betty Jo and Michael Sheppard, Michelle's husband, were the successor co-trustees of both trusts.

On the advice of estate planning counsel, Betty Jo and the Aboud children created the Aboud Family Partners Limited Partnership in 1999. Its primary purpose was to own, develop, lease, manage, and sell real property. The partnership agreement named Betty Jo, Michael Sheppard, and the survivor's trust as general partners. Pursuant to the terms of the agreement, the general partners had exclusive authority to transfer and control the partnership assets. The residual trust and the other Aboud family members, including Michelle, were limited partners

---

[1]Robin Maureen Aboud Gonzales is not a party to this appeal.

who did not have the right to participate in partnership business. Notably, the partnership agreement also contained a clause requiring binding arbitration for "[a]ny controversy or claim arising under this Partnership Agreement."

In December 2000, Betty Jo and Michael Sheppard, as co-trustees of both the survivor's trust and the residual trust, transferred all of the trusts' assets to the partnership, including The Griddle restaurant. In exchange for the transfer, the residual trust received a 49.18% share in the partnership, and the survivor's trust received a 28.62% interest in the partnership. All of the beneficiaries to the trusts, including Michelle, consented to this transaction.

In 2001, Michael Sheppard resigned as co-trustee of the trusts and as general partner of the partnership. The partnership agreement was amended to name Betty Jo and the survivor's trust as general partners with the ability to control the partnership assets.

In September 2005, Betty Jo, acting as general partner both individually and as successor trustee of the survivor's trust, transferred all of the Aboud Family Partners Limited Partnership's assets, with the exception of The Griddle restaurant, to I.C.A.N., a Nevada corporation formed by David Aboud, who was the sole shareholder. I.C.A.N. Foods, Inc., paid for the assets by executing two promissory notes and David's renunciation of his beneficial interest in the residual trust. The transfer occurred without the knowledge or consent of the remaining residual trust beneficiaries. That same year, Betty Jo, again acting as general partner, also transferred The Griddle from the partnership to I.C.A.N. for no monetary consideration.

In 2006, Betty Jo resigned as trustee of the residual trust and Ashley Hickey, David's girlfriend, became the sole successor trustee. Shortly thereafter, Michelle filed a petition in the district court requesting that the court assume jurisdiction of the residual trust and require Ashley to perform an accounting of trust assets. The district court assumed jurisdiction of the trust and ordered an accounting. Ashley performed an accounting for the trust for 1999 through 2005, noting that the transactions occurred before she became successor trustee.

After Ashley performed the accounting, Michelle filed a petition to remove Ashley as trustee on the grounds that Ashley did not properly perform the accounting, had a conflict of interest, and had breached her fiduciary duties to the trust by engaging in self-dealing. Michelle sought to have Michael Sheppard appointed as trustee and for Michael Sheppard to perform an accounting. In response, Ashley argued that Betty Jo, not Ashley, was trustee during the time period in which Michelle claims that the alleged self-dealing occurred. Michelle acknowledged this fact in her response and alleged that Betty Jo may have breached her fiduciary duties to the residual trust by failing to properly account for trust property.

Before the district court ruled on this motion, Michelle filed another motion seeking a temporary restraining order and a preliminary injunction to protect the residual trust's assets. She argued that Ashley had also allegedly breached her fiduciary duty to the trust by failing to disclose that I.C.A.N. had recently used some of the former partnership assets to secure a loan. Michelle requested that the district court freeze both the trust assets and the partnership assets, remove Ashley as

SUPREME COURT
OF
NEVADA

(O) 1947A

5

trustee, audit the residual trust's finances, and impose a preliminary injunction.

In Ashley's opposition, she argued that Michelle, "as a limited partner, simply has no grounds for seeking judicial review" of Betty Jo's decision as general partner to transfer The Griddle to I.C.A.N. because the terms of the partnership agreement prohibited limited partners from participating in partnership affairs. Ashley further argued that Michelle was clearly attempting to seek judicial review of Betty Jo's business decision and that Michelle "may be seeking to avoid the arbitration provisions of the partnership agreement by styling her action as a trust case." Betty Jo joined in this opposition. In response, Michelle argued that Betty Jo owed a fiduciary duty to the residual trust because the residual trust was a limited partner in the Aboud Family Partners Limited Partnership.

At the hearing on this motion, the district court noted that it had statutory authority to order an accounting of trust assets. Thus, it entered a preliminary injunction. In relevant part, the district court enjoined Ashley, Betty Jo, and David from transferring, encumbering, or releasing trust assets. The district court also ordered Betty Jo to provide a summary accounting of the partnership.

Following the injunction, Michelle filed a motion for summary judgment that sought removal of Ashley as trustee, appointment of Michael Sheppard as successor trustee, and for a constructive trust to be placed on all of the partnership assets that were transferred to I.C.A.N. until the court could ascertain the amount of money owed to the residual trust. The district court granted Michelle's motion for summary judgment, in part, suspending Ashley as successor trustee and appointing

Barry Solomon as an independent successor trustee.[2] It also ordered Solomon to perform an accounting of the trust.

Solomon's initial accounting report concluded that Betty Jo had breached her fiduciary duties to the *partnership* because the sale of the partnership assets to I.C.A.N. was undervalued and unreasonable. In response, Betty Jo, David, and Ashley each filed a proper person objection to the report. Conversely, Michelle, without filing a complaint or serving a summons, filed a motion in support of Solomon's report, in which she argued that Betty Jo, Ashley, and David had all breached their fiduciary duties. She also requested that the district court: (1) remove Betty Jo as general partner of the partnership, to be replaced by Solomon; (2) remove Ashley as trustee, to be replaced by Solomon; (3) transfer the partnership assets and The Griddle back to the partnership; (4) cancel the promissory notes executed by I.C.A.N. to the partnership in exchange for the partnership assets; (5) charge I.C.A.N., Betty Jo, David, and Ashley for the difference between the debt owed to the partnership before the sale of the partnership assets to I.C.A.N. and the present debt against the assets; (6) surcharge I.C.A.N., Betty Jo, David, and Ashley for all sums found to be unaccounted for; (7) charge I.C.A.N., Betty Jo, David, and Ashley for the costs of obtaining an accounting and getting assets diverted from the partnership to the trust; (8) authorize Solomon to continue his accounting

___

[2]The parties do not argue, and therefore we do not address, whether Michelle was the proper party to bring a claim against Betty Jo, David, and I.C.A.N. after the district court appointed Solomon as the successor trustee. *See* Restatement (Second) of Trusts § 294 cmt. a (1959) ("[I]f a third person commits a tort with respect to the trust property the trustee and not the beneficiary is ordinarily the proper party to bring an action against the third person.").

Supreme Court
of
Nevada

(O) 1947A

7

of the trust; and (9) retain jurisdiction to order more charges against I.C.A.N., David, Betty Jo, and Ashley. Michelle mailed a copy of this pleading to Ashley, Betty Jo, and David, but she did not mail a copy to I.C.A.N.

The district court held a hearing to review Solomon's report. At the conclusion of this hearing, the district court entered an order in which it adopted, in relevant part, the report's findings and conclusions. Thus, the district court implicitly determined that Betty Jo breached her fiduciary duties to the partnership by transferring the assets from the partnership to I.C.A.N. for unreasonable terms. The district court also ordered I.C.A.N. and David to pay delinquent property taxes on the real property that I.C.A.N. had purchased from the partnership, and for Solomon to complete his accounting. A copy of this order was mailed to Ashley, Betty Jo, and David, but not to I.C.A.N.

In Solomon's second accounting report, he again determined that Betty Jo breached her fiduciary duties to the partnership by transferring The Griddle to I.C.A.N. for no monetary consideration. Relying on his determination, Michelle requested, again without the filing of a complaint or service of summons, that Betty Jo, David, I.C.A.N., and Ashley be held jointly and severally liable for any monetary damage to the residual trust. She argued that Solomon's report proved that Betty Jo had breached her fiduciary duties by transferring The Griddle to I.C.A.N. for no consideration, transferring partnership assets to I.C.A.N. for nominal consideration, failing to keep adequate books and records of the partnership, permitting I.C.A.N. to use The Griddle to secure a loan, and failing to default I.C.A.N. for not paying property taxes. At the hearing, the district court noted that while someone had clearly breached his or her

fiduciary duty, it was unclear who was responsible and whether the parties were properly before the district court.

Regardless, the district court entered judgment against Betty Jo and I.C.A.N. that provided in relevant part as follows:

> 1. That Judgment hereby is entered in favor of Barry Solomon, as Independent Successor Trustee of the Decedent's Trust of the Michael Aboud and Betty Jo Aboud Inter Vivos Trust, against Betty Jo Aboud and I.C.A.N. Foods, Inc., a Nevada corporation, jointly and severally, for the sum of $782,078.98.
>
> 2. That a constructive trust hereby is imposed upon the assets of I.C.A.N. Foods, Inc., a Nevada corporation, until the judgment entered herein is paid in its entirety

The district court based its judgment on its conclusion that Betty Jo had breached her fiduciary duties as both general partner of the Aboud Family Partners Limited Partnership and as trustee of the residual trust by transferring The Griddle from the partnership to I.C.A.N. for no monetary consideration, and by transferring the remaining partnership assets to I.C.A.N. for nominal consideration, without the knowledge or consent of the residual trust's beneficiaries. A copy of the district court's order was mailed to both Betty Jo and I.C.A.N. This was the first time anything in the underlying litigation was mailed to I.C.A.N.

Betty Jo, David, and I.C.A.N., now with counsel, filed a motion to alter or amend the judgment, or in the alternative, for relief from the judgment. They argued, in pertinent part, that the district court lacked subject matter jurisdiction over the transfer of the assets from the partnership to I.C.A.N. and disregarded the binding arbitration clause in

SUPREME COURT
OF
NEVADA

(O) 1947A

the partnership agreement.[3] The district court denied the motion. This appeal followed, and Michelle has cross-appealed the district court's order declining to hold David jointly and severally liable for the monetary judgment.

## DISCUSSION

On appeal, the parties dispute whether the district court had jurisdiction to impose a constructive trust on I.C.A.N.'s assets and enter a judgment for money damages against Betty Jo and I.C.A.N. individually. Michelle argues that NRS 164.010(1) and NRS 164.015(6) conferred jurisdiction on the district court to enter these judgments. We disagree.

We review jurisdictional issues de novo. *Baker v. Eighth Judicial Dist. Court*, 116 Nev. 527, 531, 999 P.2d 1020, 1023 (2000). Jurisdiction can take the form of either in rem or in personam jurisdiction. *See Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 453 (2004). When a court has in rem jurisdiction, in personam jurisdiction is not necessary to enter a judgment. *Id.* In rem jurisdiction permits a court to enter judgment against specific property; in contrast, in personam jurisdiction permits the district court to enter judgment against a person. *Chapman v. Deutsche Bank Nat'l Trust Co.*, 129 Nev. ___, ___, 302 P.3d 1103, 1106 (2013).

NRS 164.010(1) confers in rem jurisdiction on the district court over trust property in all trust administration actions. In addition,

---

[3]The Aboud Family Partner's Limited Partnership's agreement required that "[a]ny controversy or claim arising under this Partnership Agreement . . . shall be determined and settled by arbitration." Betty Jo argues that the district court failed to determine whether Betty Jo's alleged breach of fiduciary duty should have been submitted to binding arbitration. Given our disposition, we do not reach this issue.

SUPREME COURT
OF
NEVADA

(O) 1947A

NRS 164.015(6) provides that a district court's order in a trust administration action is "binding in rem upon the trust estate and upon the interests of all beneficiaries."

Michelle's argument that these two statutes conferred jurisdiction upon the district court is premised on the theory that the assets that were transferred by the partnership to I.C.A.N. remained trust assets. It is well recognized that when a trustee breaches his or her fiduciary duty by *improperly* transferring trust assets to a third party, those assets are held pursuant to the trust if the third party purchasing the trust assets had notice of the trust and a breach of duty by the trustee.[4] *See Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 250 (2000); Restatement (Second) of Trusts § 284(1) (1959). However, when a trustee transfers trust assets with authority or the consent of all of the beneficiaries, the transfer "operates to pass the legal and equitable title to the purchaser." 76 Am. Jur. 2d *Trusts* § 500 (2005); *see generally Williams v. Jackson*, 107 U.S. 478, 482 (1883). Here, all of the beneficiaries, including Michelle, consented to the survivor and residual trusts' transfer of all the trust assets to the partnership in exchange for an ownership interest in the partnership. Michelle does not argue, nor did Solomon or the district court find, that Betty Jo breached her fiduciary duty to the trusts in making this transfer. Therefore, the only assets now remaining in the trusts are the trusts' respective ownership shares in the Aboud Family Partners Limited Partnership.

---

[4]Because the property in this case was not a trust asset at the time of the transfer by the partnership to a third party, we do not address the appropriate procedure for recovering trust assets inappropriately transferred to a third party.

The property that Betty Jo, acting as general partner, transferred to I.C.A.N. was the property of the partnership and not the trusts. Thus, we conclude that the district court's in rem jurisdiction under NRS 164.010(1) and NRS 164.015(6) over the trust assets did not extend to the assets I.C.A.N. acquired from the partnership.

"A valid and final judgment in an action based only on jurisdiction to determine interest in a thing . . . [d]oes not bind anyone with respect to a personal liability." Restatement (Second) of Judgments § 30(2) (1982). The district court held Betty Jo and I.C.A.N. *personally* liable for the judgment of $782,078.98. Because the district court's order was a judgment against Betty Jo and I.C.A.N., and not against any trust property, it exceeded the in rem jurisdiction over trust assets provided by NRS 164.010(1) and NRS 164.015(6) and is void. To impose personal liability on Betty Jo and I.C.A.N.—and a constructive trust on assets I.C.A.N. acquired from a third-party partnership—required the court to acquire "personal jurisdiction over [them as] part[ies], normally through appropriate process based on contacts with the jurisdiction or through his general appearance therein to defend on the merits." Restatement (Second) of Judgments § 30(2) cmt. c; *see Young v. Nev. Title Co.*, 103 Nev. 436, 442, 744 P.2d 902, 905 (1987) ("A court does not have jurisdiction to enter judgment for or against one who is not a party to the action."). But here, the pleading that initiated the action and gave the court jurisdiction was brought under NRS 164.010(1) and NRS 164.015(6). This gave the court in rem jurisdiction but not jurisdiction to impose personal judgments against Betty Jo and I.C.A.N. under the circumstances present here. Accordingly, we affirm the district court's order declining to enter judgment against

David, and reverse the district court's order imposing a constructive trust and entering a judgment against Betty Jo and I.C.A.N., and remand the case to the district court for proceedings consistent with this opinion.[5]

_____, J.
Hardesty

We concur:

_____, C.J.
Pickering

_____, J.
Saitta

---

[5]Because we reverse the district court's order on appeal, we do not address the parties' remaining arguments.