An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC PARSLOW,
Appellant,
vs.
LISA SMITH,
Respondent.

No. 63141

**FILED**

JUL 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order modifying child custody. Eighth Judicial District Court, Clark County; Gerald W. Hardcastle, Senior Judge.

Appellant filed a motion to modify custody, alleging that respondent was abusing the parties' two children. The district court awarded appellant temporary primary physical custody of the children as long as he employed a nanny to supervise his custody 24-hours a day because he had admitted to using cocaine daily. At the evidentiary hearing regarding custody, while the children's maternal grandmother was testifying regarding her interactions with both parties, the district court sua sponte asked her whether she would be willing to assume custody of the children. She agreed and was awarded sole physical and legal custody of the two children. This appeal followed.[1]

---

[1]We acknowledge that the Pecos Law Group has provided pro bono representation for appellant, and while oral argument ordinarily would occur as a result of pro bono representation, because respondent did not file an answering brief despite being ordered to do so, this matter was submitted on appellant's opening brief and the record without argument.

15-22303

Having considered appellant's brief, appellant's pro se appeal statement, the record on appeal, and appellant's appendix, we conclude that the district court abused its discretion in awarding the maternal grandmother custody of the two children. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion). First, the district court could not award custody to her because she never moved to intervene in the action, and thus, she was not a party to the action. *See Young v. Nev. Title Co.*, 103 Nev. 436, 442, 744 P.2d 902, 905 (1987) (providing that "[a] court does not have jurisdiction to enter judgment for or against one who is not a party to the action"); *Landry v. Nauls*, 831 S.W.2d 603, 605-06 (Tex. App. 1992) (explaining that a court cannot award custody to a nonparent unless that nonparent has brought an action for custody or has sought to intervene in the custody action). Second, the district court violated appellant's procedural due process rights by awarding custody to the maternal grandmother when appellant had no notice that the grandmother was going to testify at the hearing or was going to be considered as a custodial placement option, and when appellant did not have an opportunity to present evidence concerning whether placement with the grandmother was in the children's best interest. *See Gonzales-Alpizar v. Griffith*, 130 Nev., Adv. Op. 2, 317 P.3d 820, 827 (2014) (providing that due process requires reasonable notice and an opportunity to present objections).

Lastly, the district court did not make specific findings that awarding custody to either parent would be detrimental to the children and the award of custody to the maternal grandmother was in the children's best interest. *See* NRS 125.500(1) (requiring that before a court

awards custody to a nonparent, the court must find that "an award of custody to a parent would be detrimental to the child and the award to a nonparent is required to serve the best interest of the child"). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Chief Judge, The Eighth Judicial District Court
Hon. Gerald W. Hardcastle, Senior Judge
Pecos Law Group
Lisa Rochelle Smith
Eighth District Court Clerk

---

[2]To the extent appellant's additional arguments are not addressed by this order, we conclude they lack merit.