# IN THE SUPREME COURT OF THE STATE OF NEVADA

KRISTA INLOW,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF NYE;
AND THE HONORABLE ROBERT W.
LANE, DISTRICT JUDGE,
Respondents,
and
DAVID M. SANCHEZ,
Real Party in Interest.

No. 69539

FILED

JUN 2 0 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order that denied petitioner's request to strike a motion for grandparent visitation filed by real party in interest.

Petitioner Krista Inlow and real party in interest David Sanchez are the parents of one child. Sanchez filed the underlying petition to establish custody, which Inlow opposed. Sanchez then filed a combined reply to the opposition and motion for visitation by the paternal grandparents. Inlow moved to strike the motion arguing that NRS 125C.050 requires a petition for grandparent visitation through an independent action. The district court denied the motion to strike, reasoning that NRS 125C.050 does not explicitly require a separate action and that hearing the matters concurrently served judicial economy. The court ordered Sanchez and Inlow to brief the grandparent visitation request without joining the grandparents as parties. In this writ petition, Inlow maintains that the motion for grandparent visitation should be

stricken because the paternal grandparents have not intervened as parties or filed an independent petition with the district court.

This court may issue a writ of prohibition to prevent the district court from exercising judicial functions which are in excess of the court's jurisdiction. NRS 34.320. Whether to entertain an extraordinary writ petition is purely discretionary with this court. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Having considered the parties' arguments, we conclude that the district court correctly determined that NRS 125C.050 does not explicitly require an independent action, and thus, a motion filed within the existing custody action would suffice. Nevertheless, the paternal grandparents have not intervened or been joined in the custody action between Sanchez and Inlow, and the district court does not have jurisdiction to award custodial rights to a nonparty to the action. *See Micone v. Micone*, 132 Nev., Adv. Op. 14, 368 P.3d 1195, 1197 (2016) (reversing child custody award to nonparty grandparents and holding that a nonparent must either bring or intervene in the custody suit between the parents before being awarded custody); *Young v. Nev. Title Co.*, 103 Nev. 436, 442, 744 P.2d 902, 905 (1987) (holding that a court does not have jurisdiction to enter a judgment for or against a nonparty to the action); *see also* NRCP 19 (allowing the court to join a person as a party to obtain just adjudication); NRCP 24 (governing procedure for intervention by a nonparty). Thus, the district court lacks jurisdiction to entertain the motion for grandparent visitation filed by Sanchez.

Accordingly, we grant this petition and direct the clerk of this court to issue a writ of prohibition directing the district court to refrain from acting on the motion for grandparent visitation filed by real party in

(O) 1947A

interest David Sanchez until the paternal grandparents have intervened or been joined in the action below.

It is so ORDERED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Robert W. Lane, District Judge
Patricia C. Halstead
Evenson Law Office
Nye County Clerk