# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM MILKS, IN HIS INDIVIDUAL CAPACITY,

Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE,

Respondents,

and

DWIGHT J. BAUM, AS TRUSTEE FOR THE DWIGHT C. AND HILDEGARDE E. BAUM TRUST, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF AFFIRMED TECHNOLOGIES, LLC, A NEVADA LIMITED LIABILITY COMPANY; ROBERT BENJAMIN; DIANE BENJAMIN; JOE MLOGANOSKI; NANCY SKALLERUP; DAN SKINNER; DENISE SKINNER; GERALD SKINNER; JEFF YONCE; AND JOYCE YONCE, INDIVIDUALLY,

Real Parties in Interest.

No. 79430

FILED

JUL 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF PROHIBITION

This original petition for a writ of prohibition challenges a district court's exercise of jurisdiction over petitioner in his individual capacity and a district court order compelling discovery into petitioner's

20-27003

personal assets.[1] The underlying proceedings began when real parties in interest (collectively, the Baum Parties), who are investors of Affirmed Technologies, LLC (AT), filed an action against AT's managers, including petitioner William Milks. The Baum Parties sued Milks solely in his capacity as a manager of AT. An arbitrator found in favor of the Baum Parties and awarded attorney fees and costs against the managers. The district court confirmed the arbitration award and this court affirmed that decision. Thereafter, the district court compelled discovery into Milks' individual assets on the grounds that he was liable for attorney fees in his individual capacity.

Milks contends the district court lacked jurisdiction to hold him individually liable for attorney fees and costs because he is a nonparty to the underlying proceeding in his individual capacity. We agree. *See Young v. Nev. Title Co.*, 103 Nev. 436, 442, 744 P.2d 902, 905 (1987) ("A court does not have jurisdiction to enter judgment for or against one who is not a party to the action."). A party is a person or entity who has been named as a party to the lawsuit and who has been served with process or appeared. *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 447, 874 P.2d 729, 734 (1994). Here, Milks was only named as a party in his representative capacity as a manager of AT. Milks, in his individual capacity, is a distinct legal person from Milks as a manager of AT. *See Mona v. Eighth Judicial Dist. Court*, 132 Nev. 719, 728, 380 P.3d 836, 842 (2016) (explaining that a person in his or her individual capacity is a "distinct legal person and is a stranger" to the person in his or her representative capacity). Thus, Milks is not a party

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

to the underlying suit in his individual capacity. Accordingly, we conclude the district court exceeded its jurisdiction by finding that the judgment lied against Milks in his individual capacity.

Further, because Milks, in his individual capacity, was not a party to the action, the district court lacked jurisdiction to compel discovery into Milks' personal assets, unless the Baum Parties were able to produce evidence that the judgment debtors were improperly transferring assets to him or he was the alter ego of the judgment debtors. *See* NRCP 69(a)(2) ("In aid of the judgment or execution, the judgment creditor...may obtain discovery from any person. . . ."); *Rock Bay, LLC v. Eighth Judicial Dist. Court*, 129 Nev. 205, 211, 298 P.3d 441, 445 (2013) (recognizing that discovery into a non-party's assets is permissible when there is "reasonable doubt about the bona fides of the transfer of assets between them" or when "the nonparty is the alter ego of the judgment debtor"). The Baum Parties did not produce such evidence. Therefore, we conclude the district court improperly compelled discovery into Milks' personal assets.

Thus, we conclude Milks' requested writ relief is proper. *See Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 907 (2008) ("A writ of prohibition is appropriate when a district court acts without or in excess of its jurisdiction."); *Wynn Resorts, Ltd. v. Eighth Judicial Dist. Court*, 133 Nev. 369, 373, 399 P.3d 334, 341 (2017) (a writ of prohibition is the appropriate remedy for the prevention of improper discovery). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION restraining the district court's exercise of jurisdiction over Milks in his individual capacity

and instructing the district court to vacate its order compelling post-judgment discovery.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
Robison, Sharp, Sullivan & Brust
Fennemore Craig P.C./Reno
Eighth District Court Clerk