## IN THE SUPREME COURT OF THE STATE OF NEVADA

GEICO GENERAL INSURANCE
COMPANY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JAMES CROCKETT, DISTRICT
JUDGE,
Respondents,
and
THE ESTATE OF JERMAINE L.
ASHER, DECEASED, BY AND
THROUGH SHARITHEA EVERETTE,
ITS SPECIAL ADMINISTRATOR; THE
ESTATE OF ROBERT S. ROBERTS, JR.,
DECEASED, BY AND THROUGH
SHARITHEA EVERETTE, ITS SPECIAL
ADMINISTRATOR; SHARITHEA
EVERETTE, INDIVIDUALLY; AND
WILLIE F. WORTHAMS, JR., AN
INDIVIDUAL,
Real Parties in Interest.

No. 81980

FILED

OCT 18 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER GRANTING PETITION

This original petition for a writ of mandamus or prohibition challenges a district court order that required petitioner, a non-party to the underlying action, to obtain independent counsel to represent its insured, the defendant in a personal injury action. Eighth Judicial District Court, Clark County; Jim Crockett, Judge.

Petitioner, Geico Casualty Insurance, insured real party in interest Willie F. Worthams, Jr. at the time that his vehicle violently

careened into that occupied by brothers Jermain L. Asher and Robert S. Roberts, Jr. Worthams was travelling approximately 70 miles over the posted speed limit at the time of the crash. Asher and Roberts tragically died at the scene. Their respective estates (plaintiffs), also real parties in interest, sued Worthams. Consistent with the terms of Worthams' insurance policy, Geico retained an attorney to represent Worthams in the personal injury action, but plaintiffs moved the district court to compel non-party Geico to appoint separate independent counsel for Worthams. Over the objection of both Worthams and Geico—who made a special appearance as a non-party—the district court granted plaintiffs' motion and ordered that Geico "appoint and pay for independent counsel for Defendant Worthams." Geico's petition followed.

As discussed further herein, because the district clearly exceeded its jurisdiction in issuing an order against a non-party that no party represented in the action, Geico has a clear legal right to have the proceedings against it arrested. *See Young v. Nev. Title Co.*, 103 Nev. 436, 442, 744 P.2d 902, 905 (1987) (noting that a "court does not have jurisdiction to enter judgment for or against one who is not a party to the action"); *see also Canarelli v. Eighth Judicial Dist. Court*, 136 Nev. 247, 250, 464 P.3d 114, 119 (2020) ("When the district court acts without or in excess of its jurisdiction, a writ of prohibition may issue to curb the extrajurisdictional act.") (quoting *Toll v. Wilson*, 135 Nev. 430, 432, 453 P.3d 1215, 1217 (2019)). And because the district court had no discretion to act outside its jurisdiction, the district court also had a clear legal duty to deny plaintiffs' motion to compel Geico to retain independent counsel for Worthams. *See id.* Moreover, because Geico is not a party to the personal injury suit, Geico has no alternative remedy available in the form of an appeal therefrom. *See*

*Emerson v. Eighth Judicial Dist. Court*, 127 Nev. 672, 676, 263 P.3d 224, 227 (2011) (determining that an attorney did not have a remedy at law and writ consideration was appropriate because he was sanctioned in the course of a case where he was not a party); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 448, 874 P.2d 729, 735 (1994) (discussing requirements for a proper appeal). In light of all this, as a threshold matter, we exercise our discretion to consider this writ. *See Walker v. Second Judicial Dist. Court*, 136 Nev. ___, ___, 476 P.3d 1194, 1196 (2020) (noting that traditional writ relief is available where (1) the petitioner can show a legal right to have the act done which is sought by the writ; (2) the act which is to be enforced is that which it is the plain legal duty of the respondent to perform, without discretion on his part either to do or refuse; (3) the writ will be availing as a remedy, and that the petitioner has no other plain, speedy, and adequate remedy).

With regard to the underlying merits of Geico's jurisdictional challenge, the district court's issuance of an order compelling Geico, a non-party insurer, to appoint and pay for independent counsel—purportedly for Worthams' benefit, though on motion by plaintiffs and over Worthams' own objection—runs contrary to established principles of law. *See Young*, 103 Nev. at 442, 744 P.2d at 905. Despite the importance of the threshold jurisdictional challenge, plaintiffs and amici do not meaningfully address the issue. It may be that, as plaintiffs and amici argue, the district court could have removed Worthams' counsel for conflict of interest; but even assuming so, it does not follow that the district court could go a step further, in excess of its jurisdiction, and direct non-party Geico to take related action. *See id.* Nor did Worthams represent Geico such that plaintiffs' attempted reliance on *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1277

(9th Cir. 1992), has any bearing. *See* Restatement (Second) of Judgments § 41(1) (1982) (defining when a non-party is "represented by a party" so as to be subject to the court's jurisdiction) (cited with approval in *Class Plaintiffs*). And plaintiffs' and amici's remaining arguments—that *Young* does not apply to the sort of order at issue here and that Geico was subject to the court's jurisdiction because it "[a]ctively participated in the litigation"—are neither cogent nor supported by legal authority. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330, n.38, 130 P.3d 1280, 1288, n.38 (2006).

Accordingly, the order compelling Geico to appoint and pay for independent counsel for Worthams is void. *See United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) (holding that a judgment is void where "the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound"). We therefore

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF PROHIBITION instructing the district court to vacate its order compelling Geico to appoint independent counsel.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Eighth Judicial District Court Chief Judge, District Judge
Hon. James Crockett, District Judge
McCormick, Barstow, Sheppard, Wayte & Carruth, LLP/Las Vegas
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Bowen Law Offices
Matthew L. Sharp, Ltd.
Eighth District Court Clerk