**Mary Ann LANDRY, Appellant,**

v.

**Steven Wayne NAULS, Appellee.**

**No. B14–91–00818–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 11, 1992.

Ralph Shepherd, Houston, for appellant.

Kathryn Wallace, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

MURPHY, Justice.

Appellant, Mary Ann Landry, appeals an order awarding permanent managing conservatorship of her daughter, Roshaunda Charteau Nauls, to the child's paternal grandmother, Joyce Marie Nauls. In three points of error, appellant asserts that the trial court erred in awarding permanent managing conservatorship to a non-party because such was an abuse of the trial court's discretion, in violation of appellant's due process rights under the United States and Texas Constitutions, and was made without proper notice of hearing. We reverse and remand.

Appellant and appellee have a child, Roshaunda Charteau Nauls, who has been living with her paternal grandmother, Joyce Marie Nauls, since her birth. On February 15, 1991, the appellee filed a Petition seeking to declare paternity and name a managing conservator for his daughter, Roshaunda Charteau Nauls. Likewise, appellant cross-claimed seeking a declaration of paternity and a request to be named managing conservator. Attached to the cross-petition was an order drafted by counsel for appellant which set a hearing date for March 20, 1991 at 10:30 a.m. On February 27, 1991, the trial court issued notice of a hearing to be held on March 20, 1991 to determine custody of the minor child. After hearing both sides, the trial court granted permanent conservatorship to the minor child's paternal grandmother, Joyce Marie Nauls, a non-party.

■ In her first point of error, appellant contends that the appointment of a non-party, Joyce Marie Nauls, as permanent managing conservator was an abuse of discretion by the trial court. This is a case of first impression in Texas. Generally, the trial court has the broad discretion to grant conservatorship to any *party* in a custody dispute so long as the award is in the best interest of the child. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990) (standard of review is abuse of discretion). The test is whether the trial court "acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Id.* (*citations omitted*). Nevertheless, the Texas Family Code has been amended to limit the trial court's discretion to award custody to a nonparent. Section 14.01(b) clearly states that:

> *A parent shall be appointed sole managing conservator* or both parents shall be appointed as joint managing conservators of the child *unless*:
> (1) the court finds that appointment of the parent would not be in the best interest of the child because *the appointment would significantly impair the child's physical health or emotional development.*

TEX.FAM.CODE ANN. § 14.01(b) (Vernon Supp.1992) (*emphasis added*). The Texas Supreme Court has recently reviewed this

provision and determined that it creates a strong parental presumption which cannot be rebutted absent a finding that appointment of a parent would "significantly impair the child's physical health or emotional development." *See Lewelling v. Lewelling*, 796 S.W.2d 164, 166 (Tex.1990). It is no longer sufficient to merely find that it would be better for the child to be in the custody of a nonparent.[1] *Id.* at 167.

■ Additionally, the trial court in this instance did not simply award custody of the minor child to a nonparent but also awarded custody to a *nonparent* who was a *nonparty*. A grandparent does have the right to *intervene* in a custody dispute because under the family code grandparents have standing in such disputes.[2] TEX. FAM.CODE ANN. § 11.03(b) (Vernon Supp.

1992). However, standing alone is not a sufficient basis to award custody of a minor child to a grandparent who has not intervened in the custody dispute. By amending the Family Code in 1987, the legislature placed an affirmative burden of proof on a nonparent which the nonparent must meet in order to gain custody of the child. *See Lewelling.* 796 S.W.2d at 166–67. It is no longer sufficient for the trial court to merely state that an award of custody to a nonparent is in the best interest of the child. *Id.* at 167. Rather, a nonparent who has standing under the Family Code [3] must bring or *intervene* in a custody suit and present affirmative evidence sufficient to satisfy the burden of proof that *"the appointment* [of a parent as managerial conservator] *would signifi-*

---

1. *See Lewelling*, 796 S.W.2d at 167. Prior to the 1987 amendments to the Family Code, the Family Code simply required that the trial court find "that appointment of the parent or parents would not be in the best interest of the child" in order to appoint a nonparent as managerial conservator. *See* TEX.FAM.CODE ANN. § 14.01(b) (Vernon 1986) (amended 1987). In 1987, the parental presumption was inserted in the language of section 14.01(b) to provide that a nonparent will be given managerial conservatorship *only* where the court finds that the appointment of a parent as managerial conservator *"would significantly impair the child's physical health or emotional development."* TEX.FAM.CODE ANN. § 14.01(b) (Vernon Supp.1992).

2. TEX.FAM.CODE ANN. § 11.03(b) (Vernon Supp. 1992). Section 11.03(b) provides in relevant part that:

   [a]n original suit affecting the parent-child relationship seeking managing conservatorship may be brought by a grandparent or by any other person deemed by the court to have a substantial past contact with the child sufficient to warrant standing to do so, if there is satisfactory proof to the court that:
   (1) the child's environment with the parent or parents, the managing conservator, or the custodian presents a serious and immediate question concerning the welfare of the child; or
   (2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit. TEX.FAM.CODE ANN. § 11.03(b) & (b)(1) (Vernon Supp.1992).

3. TEX.FAM.CODE ANN. § 11.03(a) (Vernon Supp. 1992). Persons who have standing to either bring or intervene in a custody suit include but are not limited to:
   (1) a parent of the child;

(2) the child (through a representative authorized by the court);
(3) a custodian or person having rights of visitation with or access to the child appointed by an order of a court of another state or country or by a court of this state before January 1, 1974;
(4) a guardian of the person or of the estate of the child;
(5) a government entity;
(6) any authorized agency;
(7) a man alleging himself to be the biological father of a child who has no presumed father filing in accordance with Chapter 13 of this code, but not otherwise;
(8) a person who has had actual possession and control of the child for at least six months immediately preceding the filing of the petition; or
(9) a person designated as the managing conservator in a revoked or unrevoked affidavit of relinquishment under Section 15.03 of this code or to whom consent to adoption has been given in writing under Section 16.05 of this code.
(b) An original suit affecting the parent-child relationship seeking managing conservatorship may be brought by a grandparent or by any other person deemed by the court to have had substantial past contact with the child sufficient to warrant standing to do so, if there is satisfactory proof to the court that:
(1) the child's environment with the parent or parents, the managing conservator, or the custodian presents a serious and immediate question concerning the welfare of the child; or
(2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit. TEX.FAM.CODE ANN. § 11.03(a) & (b) (Vernon Supp.1992).

*cantly impair the child's physical health or emotional development."* [4] TEX.FAM. CODE ANN. § 14.01(b) (Vernon Supp.1992) (*emphasis added*).

■ In the case at bar, the trial court's custody order simply maintained the *status quo* since the minor child merely continued to reside with her paternal grandmother. The trial court's Findings of Fact state that "[i]t is in the best interest of the child that JOYCE MARIE NAULS be appointed Managing Conservator of the child and that MARY ANN LANDRY and STEVEN WAYNE NAULS be appointed, Possessory Conservators of the child...." In support of this conclusion, the trial court found that:

> MARY ANN LANDRY has lived at approximately four (4) addresses since the birth of the child, four (4) years ago. She lived for a short period of time after the birth of the child in the home of JOYCE MARIE NAULS. Upon moving out of the home of JOYCE MARIE NAULS, she left the child with JOYCE MARIE NAULS.... STEVEN WAYNE NAULS, lives with his Mother, JOYCE MARIE NAULS and the child, but has on at least two (2) occasions moved out of the home of JOYCE MARIE NAULS and left the child with her.

The trial court did not issue any Findings of Fact which would support a determination that the appointment of either parent as managerial conservator would significantly impair the child's physical health or emotional development. We find that the trial court abused its discretion in awarding managing conservatorship of the minor child to Joyce Marie Nauls, the paternal grandmother, without the grandmother being a party to the suit and in the absence of a finding that conservatorship by the parents would significantly impair the child's emotional and physical health. Appellant's first point of error is sustained. We do not reach appellant's second and third points of error.

The trial court's order granting permanent managing conservatorship to the paternal grandmother, Joyce Marie Nauls, is reversed and the cause remanded for proceedings in conformity with this opinion.

CANNON, Justice, concurring.

I respectfully concur only in the result of the majority opinion. The record on appeal to this court does not contain a statement of facts of the testimony taken at the custody hearing held on March 20, 1990. Without a complete record of this testimony, we are unable to determine the basis for the trial court's conclusion that it is was in the best interest of the child to remain in the custody of her paternal grandmother. The Texas Family Code requires that an award of conservatorship to a nonparent must not only be in the best interest of the child but the court must also find that to award custody to a parent would place the child in substantial danger of physical or emotional harm. TEX.FAM. CODE ANN. § 14.01(b) (Vernon Supp.1992). Therefore, we cannot uphold an award of managerial conservatorship without a record of the testimony at the custody hearing or a Finding of Fact by the trial court to support an award of conservatorship to a nonparent. In addition, as the majority finds, no pleadings were filed on behalf of the paternal grandmother and she was therefore not a proper party before the court.

---

**4.** *See Lewelling,* 796 S.W.2d at 167. The Texas Supreme Court noted that:

> [u]nder section 14.01 as amended, the nonparent must affirmatively prove by a preponderance of the evidence that appointment of the parent as managing conservator would *significantly impair* the child, either physically or emotionally. This statute thus requires the nonparents to offer evidence of specific actions or omissions of the parent that demonstrate an award of custody to the parent would result in physical or emotional harm to the child.

*Id.* As Justice Cook stated in his concurring opinion, "[w]hat this in effect means is that although another *party,* such as a grandparent, might be a better custodian of a child, this fact is not sufficient to rebut the parental presumption, absent the significant impairment of the child's physical health or emotional development." *Id.* at 169. (Cook, J., concurring) (*emphasis added*).