

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-15-00326-CV

**IN THE INTEREST OF A.D.** and I.W., Children

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-01927
Honorable Martha B. Tanner, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Rebeca C. Martinez, Justice
Jason Pulliam, Justice

Delivered and Filed:  November 4, 2015

AFFIRMED

Appellant M.M. appeals the trial court's order in a suit affecting the parent-child relationship, arguing that the trial court erred in appointing grandparents as managing conservators.  We affirm the judgment of the trial court.

### BACKGROUND

On August 9, 2013, the Texas Department of Family and Protective Services filed its "Original Petition For Protection of a Child, For Conservatorship, and For Termination in Suit Affecting the Parent-Child Relationship and Order Setting Hearing" in which it sought to terminate the parent-child relationship between appellant M.M. and her two children, A.D. and I.W.[1]  The Department further requested the appointment of a relative or other suitable person as permanent

---

[1] The Department's petition also sought to terminate the parent-child relationship between Danny W. and I.W.

sole managing conservator of the children. Alternatively, the Department asked to be appointed sole managing conservator.

Thereafter, the Department was appointed temporary managing conservator of the two children. On September 9, 2013, the trial court entered temporary orders authorizing the placement of A.D. with his maternal grandmother, Kelly S., and placing I.W. with his paternal grandmother, Maria N. On January 12, 2015, Danny W., the father of I.W., filed a "Counterpetition in Suit Affecting the Parent-Child Relationship" asking to be appointed the sole managing conservator of I.W. Permanency Plans filed on October 23, 2014 reflect that, in regards to A.D., the Department was seeking joint managing conservatorship with Kelly S. and mother M.M. (primary goal), and failing that, adoption by Kelly S. (concurrent goal). In regards to I.W., the Department sought family reunification with father Danny W. (primary goal), and failing that, adoption by Maria N. (concurrent goal).

The matter proceeded to trial in February 2015. At the bench trial, the Department persisted in its request that M.M.'s parental rights be terminated. Because Danny W. had completed his service plan and done "everything that he need[ed] to do in the best interest of his child," the Department requested that he be appointed sole managing conservator of I.W. Kelly S. testified that she and her husband were willing to adopt A.D. Maria N. similarly testified that she wanted I.W. to remain in her home.

The trial court did not terminate M.M.'s parental rights, but instead signed a "Final Order in Suit Affecting Parent-Child Relationship" on May 11, 2015. The trial court found that the appointment of a parent as managing conservator would not be in the best interest of A.D. because the appointment would significantly impair the child's physical health or emotional development, and thus appointed Kelly S. as sole permanent managing conservator of A.D. The trial court further appointed Danny W. and Maria N. as joint managing conservators of I.W. Finally, the trial

court appointed M.M. as possessory conservator with visitation rights of both children.  M.M.'s possession and access was ordered to be supervised from 9 a.m. - 6 p.m. on the first, third, and fifth Saturdays of the month in the absence of a mutual agreement by the parties.

## DISCUSSION

On appeal, M.M. argues that the trial court erred in appointing grandparents as managing conservators because they were not parties to the case and the record contains no pleading by any grandparent.  She cites *Landry v. Nauls*, 831 S.W.2d 603 (Tex. App.—Houston [14th Dist.] 1992, no writ), as support.  In *Landry*, Father filed a petition seeking to declare paternity and name a managing conservator for his daughter, who had been living with her paternal grandmother since her birth.  *Id*. at 604.  Mother cross-claimed seeking a declaration of paternity and a request to be named managing conservator.  *Id*.  After hearing both sides, the trial court granted permanent conservatorship to the minor child's paternal grandmother.  *Id*.  Mother appealed, arguing that the appointment of the grandmother, a non-party, as permanent managing conservator was an abuse of discretion.  *Id*.  The court of appeals agreed, holding that "a nonparent who has standing under the Family Code must bring or *intervene* in a custody suit and present affirmative evidence sufficient to satisfy the burden of proof that '*the appointment* [of a parent as managerial conservator] *would significantly impair the child's physical health or emotional development.*'"  *Id*. at 605-06 (citations omitted, emphasis in original).

M.M.'s reliance on *Landry*, however, is misplaced, because the standing provisions of the Family Code are not applicable to cases instituted by the Department for the protection of the children.  *See In re C.S.*, 264 S.W.3d 864, 869 (Tex. App.—Waco 2008, no pet.) (holding trial court did not err in appointing non-parents as joint managing conservators because they were properly identified as relative caregivers by the Department and appointed as joint managing conservators in the termination proceedings instituted by the Department); *see also In re Z.G.*, No.

11–11–00078–CV, 2012 WL 745090, at *7 (Tex. App.—Eastland Mar. 8 2012, no pet.) (mem. op.) (same).  The case before us, as opposed to *Landry*, concerns proceedings instituted by the Department.  The Department had pleadings on file requesting that M.M.'s parental rights to A.D. and I.W. be terminated and that the children be permanently placed with a relative or other suitable person as the sole permanent managing conservator.  A.D. had been placed with his maternal grandmother, Kelly S., prior to trial.  I.W. was placed with his paternal grandmother, Maria N., prior to trial.  Both grandmothers were identified in the permanency plan as appropriate relative caregivers for A.D. and I.W., respectively.  Thus, we cannot agree that the grandparents were required to either be parties to the case or file pleadings in the case before the trial court could appoint them as managing conservators.  *See In re C.S.*, 264 S.W.3d at 869; *see also, e.g.*, *In re E.S.H.*, No. 11-14-00328-CV, 2015 WL 2353349, at *3 (Tex. App.—Eastland May 14, 2015, no pet.) (mem. op.) (affirming appointment of grandfather as child's sole managing conservator and parents as possessory conservators in suit initiated by the Department).

An examination of the relevant provisions of the Family Code further aids our decision.  In the event termination of the parent-child relationship is not ordered by the trial court in a suit seeking termination, the trial court shall either deny the petition or "render any order in the best interest of the child."  TEX. FAM. CODE ANN. § 161.205 (West 2014).  It is a rebuttable presumption that appointment of the parents as joint managing conservators is in the best interest of the child, unless the court finds that such an appointment would not be in the child's best interest because the appointment would significantly impair the child's physical health or emotional development or finds that there is a history of family violence involving the parents.  *See id.* § 153.131(a), (b) (West 2014).  Here, the trial court made a finding that appointment of a parent as managing conservator would not be in the best interest of A.D. because the appointment would significantly

impair the child's physical health or emotional development.[2] M.M. does not challenge that finding on appeal. Thus, the Family Code does not support M.M.'s assertion that the trial court erred in naming the grandparents as managing conservators.

Finally, we look to a recent case relied on by the State in support of our decision. In *In re R.A.*, No. 10-14-00352-CV, 2015 WL 3646528 (Tex. App.—Waco June 11, 2015, no pet.) (mem. op.), a similar challenge was made on appeal as in the instant case. The Department was appointed the temporary managing conservator of R.A. and his four siblings after R.A. was severely burned and his mother and boyfriend failed to seek medical treatment for almost a day. *Id.* at *1. R.A. and his four siblings were placed with the children's maternal great-aunt during the investigation by the Department. *Id.* At the final hearing, the Department did not seek termination of the parent-child relationship but asked that the great-aunt be named R.A.'s sole managing conservator, R.A.'s father as a possessory conservator, and that the Department be dismissed. The trial court granted the Department's relief as requested. *Id.* Father appealed, arguing that the trial court erred by naming the great-aunt sole managing conservator of R.A. because she had no affirmative pleadings on file and did not present any evidence. *Id.* The Waco Court of Appeals disagreed with the Father, and affirmed the trial court's order. The court based its determination, in part, on the following facts: (1) the Department's pleadings asked, in relevant part, that the great-aunt be named the managing conservator of the children in accordance with the Department's stated permanency plan; (2) the Department sought to add the great-aunt as a party prior to the final hearing; however, the great-aunt did not participate in the final hearing, although it appears from the record that she was present at the final hearing; and (3) R.A. had been placed with the great-aunt by the Department during the pendency of the proceedings and the Department was seeking

---

[2] A similar finding was not required with respect to I.W. because a parent, Danny W., was appointed as his managing conservator.

its permanency goal of placement with the great-aunt. *Id.* at \*2. Ultimately, the Waco Court held "that the trial court had statutory authority under the applicable family code provisions, when read as a consistent and logical whole, to find that [Father] was not at the time of trial an appropriate managing conservator and also to name [the great-aunt] as R.A.'s managing conservator without the necessity of [great-aunt] presenting evidence or otherwise participating in the trial." *Id.* at \*2 (citing *In re Z.G.*, 2012 WL 745090, at \*9-10).

Similar facts are present in the case before us. As we discussed earlier: (1) the Department had pleadings on file requesting that M.M.'s parental rights to A.D. and I.W. be terminated and that the children be permanently placed with a relative or other suitable person as the sole permanent managing conservator; (2) both A.D. and I.W. had been placed with their grandmothers prior to trial; and (3) both grandmothers were identified in the permanency plan as appropriate relative caregivers for A.D. and I.W., respectively. Accordingly, we hold the trial court did not abuse its discretion in appointing Kelly S. as sole managing conservator of A.D. or in appointing Danny W. and Maria N. as joint managing conservators of I.W. *See In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (reviewing conservatorship determination for abuse of discretion). Having overruled M.M.'s sole issue on appeal, we affirm the judgment of the trial court.

Rebeca C. Martinez, Justice