132 Nev., Advance Opinion 14

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KERSTAN MICONE, N/K/A KERSTAN HUBBS,
Appellant,
vs.
MICHAEL MICONE,
Respondent.

No. 67934

**FILED**

MAR 03 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a post-divorce decree order modifying child custody and support. Eighth Judicial District Court, Family Court Division, Clark County; Rena G. Hughes, Judge.

*Affirmed in part, reversed in part, and remanded.*

Black & LoBello and John D. Jones, Las Vegas,
for Appellant.

Prokopius & Beasley and Donn W. Prokopius, Las Vegas,
for Respondent.

---

BEFORE HARDESTY, SAITTA and PICKERING, JJ.

## OPINION

By the Court, PICKERING, J.:

This is an appeal from a district court order modifying a child custody and support decree to change primary physical custody from the child's mother to the child's grandparents. The grandparents were not

16-06873

parties to the action, and the district court did not notify the parents that the grandparents were being considered as a custodial option. Without joinder of the grandparents, notice to the parents that the grandparents might be awarded custody, and the requisite findings to overcome the parental preference, the district court's order cannot stand. We therefore reverse in part, affirm in part, and remand.

## I.

In 2009, appellant Kerstan Micone and respondent Michael Micone divorced. The parties were awarded joint legal custody of their two minor children, while Kerstan received primary physical custody of both children. The divorce decree provided that after the 2009 school year, the children would attend public school unless both parents agreed to pay for private school. The Micones' daughter (I.M.) received poor grades in Las Vegas public schools, possibly due to I.M.'s dyslexia, so Michael agreed to pay half of I.M.'s private school tuition if she would attend private school in Reno. Kerstan and Michael agreed that it was in I.M.'s best interest for her to live during the school year with her paternal grandparents in Reno. Thereafter, in August 2013, I.M. moved to her grandparents' house in Reno, where she currently resides and attends school, returning to live with Kerstan in the summer.

In 2014, Michael, who lives in Reno, moved to change custody, seeking primary physical custody of I.M. Kerstan opposed any change in physical custody, conceding that she allowed I.M. to live with her grandparents in Reno, but objecting that this did not mean she agreed to change her physical custody status. On January 15, 2015, the district court found it was in I.M.'s best interest to reside with her grandparents and awarded primary physical custody to I.M.'s paternal grandparents,

who were neither parties to, nor intervenors in, the action. The district court concluded that because I.M. "is, and has been, residing with her paternal grandparents since August 2013, neither parent has primary or shared physical custody of the child after that date." Kerstan appeals.[1]

## II.

This court reviews a child custody determination for an abuse of discretion. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996). While we have not authoritatively addressed child custody awards to nonparty nonparents, we have held that a court must have jurisdiction over a party before it can enter judgment affecting that party. *See Young v. Nev. Title Co.*, 103 Nev. 436, 442, 744 P.2d 902, 905 (1987) ("A court does not have jurisdiction to enter judgment for or against one who is not a party to the action."). Applying *Young* to child custody cases is consistent with how other courts have addressed this issue. *See Landry v. Nauls*, 831 S.W.2d 603, 605 (Tex. Ct. App. 1992); *see also Elton H. v. Naomi R.*, 119 P.3d 969, 979 (Alaska 2005) (requiring that a nonparty grandmother consent to becoming a party upon remand to be considered a custodial option).

---

[1]We reject Kerstan's issue-preclusion-based challenge to the district court's order barring modification of certain child support arrearages, as the order relies on video transcript from a June 26, 2013, hearing, which Kerstan failed to include in the record on appeal. *See Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981) (declining to consider matters that do not properly appear in the record on appeal); *see also Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("When an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision.").

In *Landry*, the Texas Court of Appeals considered whether the trial court abused its discretion by awarding permanent managing conservatorship to the nonparty paternal grandmother without overcoming the parental preference statute. 831 S.W.2d at 606. The court held that "[i]t is no longer sufficient for the trial court to merely state that an award of custody to a nonparent is in the best interest of the child." *Id.* at 605. Instead, a nonparent must either "bring or intervene in a custody suit" and present evidence to overcome parental preference to be awarded custody of a minor child. *Id.* We conclude that *Landry* is consistent with Nevada law, as NRS 125.510 (2013)[2] demonstrates that the court should have jurisdiction over parties in child custody disputes. NRS 125.510 ("The *party* seeking such an order shall submit to the jurisdiction of the court for the purposes of this subsection." (emphasis added)) (repealed by 2015 Nev. Stat., ch. 445, § 10, at 2586); *see also* NRS 125A.345(3) ("The obligation to join a party and the right to intervene as a party in a child custody proceeding conducted pursuant to the provisions of this chapter are governed by the law of this state as in child custody proceedings between residents of this state.").

If a court awards custody to a nonparent that neither brought nor intervened in the custody action, the parties' due process rights may be violated. *See Gonzales-Alpizar v. Griffith*, 130 Nev., Adv. Op. 2, 317 P.3d 820, 827 (2014) (providing that procedural due process requires reasonable notice and an opportunity to present objections); *see also* NRS

---

[2]While the Legislature repealed NRS 125.510 in 2015, the same language was added to NRS Chapter 125C. *See* A.B. 263, 78th Leg. (Nev. 2015).

125A.345(1) (requiring notice and an opportunity to be heard for child custody determinations); *Anonymous v. Anonymous*, 353 So. 2d 515, 519 (Ala. 1977) (holding award of child custody to nonparty grandparent violated parent's due process rights because "the custody dispute centered around and was focused upon, the parties"); *Elton H.*, 119 P.3d at 979 (requiring the parties to the dispute to have sufficient notice of the possibility that a nonparty will receive custody to satisfy due process).

Here, the district court's unilateral award of custody to the nonparty grandparents failed to provide the notice and opportunity to be heard that fundamental fairness, indeed, due process, requires on an issue as important as child custody. In Michael's motion to change custody, and Kerstan's opposition, both parties argued how I.M.'s best interest would be served or disserved by primary custody lying with Michael, as opposed to Kerstan, or vice versa. Neither party briefed or argued whether awarding primary physical custody to the grandparents was justified or would be in I.M's best interest. The surprise award of custody to the nonparty grandparents violated the Micones' due process rights. *See Gonzales-Alpizar*, 130 Nev., Adv. Op. 2, 317 P.3d at 827.

Additionally, the district court failed to make specific findings that awarding custody to either Michael or Kerstan would be detrimental to I.M. and the award of custody to the paternal grandparents was in I.M.'s best interest. *See* NRS 125.500(1)[3] (requiring a district court to find that "an award of custody to a parent would be detrimental to the child

___

[3]Similar to NRS 125.510, the Legislature repealed NRS 125.500 in 2015, but added the same language to NRS Chapter 125C. *See* A.B. 263, 78th Leg. (Nev. 2015).

and the award to a nonparent is required to serve the best interest of the child" before awarding custody to a nonparent). Though the district court found that Michael and Kerstan consented to I.M. residing with her grandparents, Kerstan maintains that she did not consent to changing her custody status. Thus, the district court needed to make the requisite findings under NRS 125.500 before awarding custody to the grandparents.

We note that Kerstan argues a change in custody is unwarranted when a custodial parent sends a child to live with a third-party for educational or similar interests, such as sending a child to boarding school. *See, e.g., DaSilva v. DaSilva*, 15 Cal. Rptr. 3d 59, 62 (Ct. App. 2004). Kerstan did not present this argument below until her reconsideration motion, which the district court declined to hear pending appeal in this court. Upon remand, the district court should consider these arguments on the merits, as it is inappropriate for this court to do so without the issues being decided below. *Cf. Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007).

### III.

To be awarded custody of a minor child, a nonparent must either "bring or intervene in a custody suit" and present evidence to overcome the parental preference. Here, because the grandparents neither brought nor intervened in the custody suit, the district court failed to notify the Micones that it was considering the grandparents as a custodial option, and the district court did not make the requisite findings to overcome the parental preference, we conclude that the district court abused its discretion. Accordingly, we reverse the district court's award of primary physical custody to the nonparty grandparents, affirm its order

regarding issue preclusion, and remand for proceedings consistent with this opinion.

_____ Pickering _____, J.
Pickering

We concur:

_____ Hardesty _____, J.
Hardesty

_____ Saitta _____, J.
Saitta