

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00054-CV

**IN THE INTEREST OF V.H.**, a Child

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-01656
Honorable Richard Garcia, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Jason Pulliam, Justice

Delivered and Filed:  July 13, 2016

AFFIRMED

Appellant father ("Father") appeals from the trial court's order appointing his child's maternal grandfather as joint managing conservator.  On appeal, Father argues the trial court erred in appointing the maternal grandfather as joint managing conservator because: (1) the maternal grandfather was not a party named in the pleadings; and (2) the trial court did not make the prerequisite finding that the child could not safely be placed with Father. We affirm the trial court's order.

### BACKGROUND

In July 2014, the Texas Department of Family and Protective Services ("the Department") filed its original petition seeking termination of Father's parental rights to his child,

V.H.[1]  In the petition, the Department requested the appointment of a relative or other suitable person as permanent sole managing conservator of V.H.  In the event the appointment of a relative or other suitable person could not be done safely, the Department requested it be appointed sole managing conservator.

Thereafter, the Department was appointed temporary managing conservator, and V.H. — along with her two siblings, who are not subject to this appeal — were temporarily placed with a foster family.  During this time, the Department met with different relatives, including V.H.'s maternal grandfather ("Grandfather"), to determine if V.H. could be placed with a family member.  Numerous permanency plans were filed, including the last one filed on July 30, 2015, indicating the Department's primary goal was family reunification, but if reunification was impossible, then adoption by a relative.

The matter proceeded to trial in January 2016, by which time V.H., along with V.H.'s two other siblings, was living with Grandfather.  At trial, the Department case worker testified Father completed all the services requested by the Department and she believed Father could be a potential long-term caretaker for V.H.  The case worker also testified V.H. could be placed with Father at that time, but under a monitored return order so the Department could continue to monitor Father's progress.  The caseworker then testified that immediately returning V.H. to Father would require V.H. to change schools for the fifth time that year, and that V.H. was doing well with Grandfather.  In addition, the case worker testified Father and Grandfather had a good working relationship, and Grandfather would meet with Father so he could visit V.H.

---

[1] The Department also sought termination of the mother's parental rights to V.H. and two other children, who are not part of this appeal.  Ultimately, the trial court terminated the mother's rights to all three children; however, the mother did not appeal the order of termination.

The trial court also heard testimony from Grandfather, who testified V.H. was doing well in his home with V.H.'s siblings, and he would be willing to take care of V.H. Grandfather also testified he believed it was important for V.H. to be reunited with Father; however, he clarified his statement, advising that he believed reunification should be postponed because V.H. needed to complete the school year and was safer at his house. Grandfather testified he was concerned about certain aspects of Father's life — particularly Father's relationship with other family members who used drugs. Grandfather testified that because of this concern, he was hesitant to suggest V.H. return home with Father at this point, but he was happy to work with Father so that V.H. could visit with him.

The trial court ultimately decided not to terminate Father's parental rights, but instead signed a final order appointing Father and Grandfather joint managing conservators of V.H. In the order, the trial court designated Grandfather as the conservator with the exclusive right to determine V.H.'s primary residence. The trial court also found the appointment of Father as sole managing conservator would not be in the best interest of V.H. because the appointment would significantly impair V.H.'s physical health or emotional development. Father then perfected this appeal.

## ANALYSIS

As noted above, Father challenges the trial court's order appointing Grandfather as joint managing conservator on two bases. According to Father, the trial court erred in appointing Grandfather as joint managing conservator because: (1) Grandfather was not a party named in the pleadings; and (2) the trial court did not make a prerequisite finding that V.H. could not safely be placed with Father. In response, the Department filed a waiver of its right to file a responsive brief, stating it neither disputes nor joins Father's challenges on appeal.

With regard to his first argument, Father cites section 102.008 of the Texas Family Code ("the Code"), which requires a party to identify the parties in the suit and describe the action it wants the court to take in its original petition. *See* TEX. FAM. CODE § 102.008(b)(10) (West 2014). According to Father, the Department failed to identify Grandfather in the pleadings and did not plead for the appointment of Grandfather as joint managing conservator.

This court recently addressed this issue in *In re A.D.*, 480 S.W.3d 643 (Tex. App.—San Antonio 2015, pet. denied). In that case, a mother appealed a trial court's order that did not terminate her parental rights to her children, A.D. and I.W., but instead appointed the children's grandparents as managing conservators.[2] *Id.* at 644. On appeal, the mother argued the trial court erred in appointing the grandparents as joint managing conservators because they were not parties to the case and not named in any pleadings. *Id.* We disagreed with the mother and affirmed the trial court's order, pointing out: (1) the Department had pleadings on file requesting that mother's parental rights to A.D. be terminated and that A.D. be placed with a relative or other suitable person; (2) A.D. and I.W. had both been placed with their grandmothers prior to trial; and (3) both the grandmothers were identified in the permanency plan as appropriate caregivers for A.D. and I.W. *Id.* at 644–46; *see also In re R.A.*, No. 10-14-00352-CV, 2015 WL 3646528, at *1–*2 (Tex. App.—Waco June 11, 2015, no pet.) (mem. op.) (holding trial court had statutory authority to appoint great-aunt as managing conservator without affirmative pleadings on file); *In re E.S.H.*, No. 11-14-00328-CV, 2015 WL 2353349, at *3 (Tex. App.—Eastland May 12, 2015, no pet.) (mem. op.) (affirming appointment of grandfather as child's managing conservator); *In re C.S.*, 264 S.W.3d 864, 869 (Tex. App.—Waco 2008, no pet.) (holding appointment of non-parents as joint managing conservators was not error because they were relative caregivers).

---

[2] Specifically, the trial court appointed A.D.'s material grandmother as sole managing conservator, and I.W.'s paternal grandparents as joint managing conservators. *Id*. at 645.

The facts in this case are similar to those in *Interest of A.D.* In its original petition, the Department requested Father's parental rights to V.H. be terminated because termination was in the best interest of V.H. and Father committed one or more of the statutory acts or omissions outlined in section 161.001 of the Code. *See* TEX. FAM. CODE ANN. § 161.001(1). The Department also requested that if reunification was not possible, then V.H. should be placed with a relative or other suitable person as managing conservator. *See id.* § 161.001(1). Furthermore, prior to trial, V.H. was living with Grandfather, who indicated V.H. was doing well in his household. Although the permanency plan did not identify anyone as an appropriate caregiver, but instead indicated the Department was currently seeking family members that could be a possible placement, the trial court heard testimony from the Department case worker and Grandfather as to the suitability of placement with Grandfather. Specifically, the Department case worker recommended V.H. be placed with Father under a monitored return; however, she admitted V.H. was doing well with Grandfather. Grandfather testified V.H. was currently living with him along with V.H.'s two siblings, was doing well in school, played with friends in the neighborhood, and did not suffer any medical problems. He testified he believed it would be in V.H.'s best interest to remain in his home with V.H.'s other siblings because he provided V.H. with a stable environment. Accordingly, we conclude, as we did in *Interest of A.D.*, Grandfather was not required to be named a party to the case before the trial court could appoint him as joint managing conservator. *See A.D.*, 480 S.W.3d at 645–46; *see also R.A.*, 2015 WL 3646528, at *1–*2; *E.S.H.*, 2015 WL 2353349, at *3; *C.S.*, 264 S.W.3d at 869. We, therefore, hold the trial court did not err in appointing Grandfather as joint managing conservator. *See A.D.*, 480 S.W.3d at 645–46.

In response to Father's reliance on section 102.008 of the Code, which requires a party to identify the parties in the suit and describe the action it wants the court to take in its original petition, we conclude, as we did in *A.D.*, that other relevant provisions of the Code support our

holding. *See A.D.*, 480 S.W.3d at 645–46 (citing TEX. FAM. CODE ANN. §§ 153.131(a), (b), 161.205); *see also R.A.*, 2015 WL 3646528, at *2 (holding trial court had statutory authority under applicable Family Code provisions to name relative as managing conservator without requiring that relative to present evidence or otherwise participate). Section 161.205 of the Code states that in the event termination of the parent-child relationship is not ordered, then the trial court shall either deny the petition or "render any order in the best interest of the child." *See* TEX. FAM. CODE ANN. § 161.205; *see also A.D.*, 480 S.W.3d at 645–46. Moreover, sections 153.131(a) and (b) state that it is a rebuttable presumption that the appointment of parents as joint managing conservators is in the best interest of a child unless the trial court finds that such appointment is not in the child's best interest. *See* TEX. FAM. CODE ANN. § 153.131(a), (b); *see also A.D.*, 480 S.W.3d at 645–46. In this case, the trial court made such a finding — that the appointment of Father as managing conservator would not be in the best interest of V.H. As in *A.D.*, Father does not challenge that finding on appeal. *See* 480 S.W.3d at 646. Accordingly, we conclude the relevant provisions of the Code support our holding that the trial court did not err in appointing Grandfather as joint managing conservator. *See A.D.*, 480 S.W.3d at 645–46; *see also R.A.*, 2015 WL 3646528, at *2. Thus, we overrule Father's first issue.

Father next argues the trial court erred in appointing Grandfather as joint managing conservator because it did not make the prerequisite finding that V.H. could not safely be placed with Father. To support his argument, Father points to the Department's pleadings, which state, "if the children cannot be safely reunited with either parent, but may be permanently placed with a relative or other suitable person, the Department requests that the Court appoint the person as permanent sole managing conservator of the children." It is Father's position that such language required the Department to prove, and the trial court to expressly find, that V.H. could not safely be reunited with Father before appointing a relative as managing conservator. We disagree.

Here, the Department sought the appointment of a relative or other suitable person as managing conservator under sections 153.005 and 263.404 of the Code if V.H. could not be safely reunited with Father. Section 153.005 of the Code authorizes the trial court to appoint a managing conservator in a suit affecting the parent-child relationship; section 263.404 of the Texas Family Code goes on to require the trial court to make a finding that the appointment of the parent as managing conservator would not be in the best interest of the child before appointing a relative managing conservator. *See* TEX. FAM. CODE ANN. §§ 153.005, 263.404. Here, the trial court expressly found that the appointment of Father as managing conservator would not be in V.H.'s best interest because the appointment would significantly impair V.H.'s physical health or emotional development. Although the order does not contain an express finding that V.H. could not safely be reunited with Father, to the extent Father argues such finding is a prerequisite, we hold such a finding is implied by the finding actually made by the trial court. *See In re A.C.-D.R.*, No. 02-13-00150-CV, 2013 WL 6198854, at *5 (Tex. App.—Fort Worth Nov. 27, 2013, no pet.) (mem. op.) (holding that trial court's finding that all elements under section 263.404 of the Code were met was implied when trial court made finding that appointment of Department was in child's best interest). Accordingly, we overrule Father's second issue.

## CONCLUSION

Having overruled Father's two appellate issues, we therefore affirm the trial court's order.

Marialyn Barnard, Justice