# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00016-CV

### In the Interest of C. Z. H.-O. and C. N. H.-O.

### FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
### NO. 16-2181, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

David Hernandez appeals from the trial court's order naming Nellie Reese, his mother, as his children's sole managing conservator and naming Hernandez and Dulce Ocampo-Aguirre, the children's mother, as possessory conservators. Hernandez sought a modification of a prior order in a suit affecting the parent-child relationship that named Hernandez and Ocampo-Aguirre joint managing conservators, seeking to be named sole managing conservator. In two issues, Hernandez complains that the trial court erred in naming Reese sole managing conservator by awarding unrequested relief to a nonparty. For the reasons that follow, we affirm in part and reverse in part the trial court's order.

## BACKGROUND

In 2013, Hernandez and Ocampo-Aguirre, who were never married, were named joint managing conservators of their two children, C.Z.H.-O. and C.N.H.-O., and Ocampo-Aguirre was given the exclusive right to designate the children's primary residence. The trial court's order listed Hernandez as the noncustodial parent and Ocampo-Aguirre as the custodial parent and stated that

the Attorney General had entered an appearance. The order was signed by the trial court, Hernandez, Ocampo-Aguirre, and a representative of the Attorney General's office. In approximately late 2014, the children began living with Reese. In 2016, Hernandez, acting pro se, filed a petition to modify the parent-child relationship seeking sole managing conservatorship. The petition named Ocampo-Aguirre as respondent and contained a certificate of service on the Attorney General.[1] Ocampo-Aguirre, also acting pro se, filed an answer stating that she did "not agree that [Hernandez] should be granted primary custody of the children, and would like to take this to trial." The Attorney General filed a general denial seeking "general relief."

A hearing was held at which Hernandez, Ocampo-Aguirre, and the Attorney General appeared. Hernandez, Ocampo-Aguirre, and the Attorney General made opening statements. Hernandez stated that the children had been living with his mother for more than two years and that he felt they should be with him because Ocampo-Aguirre had given them away voluntarily. Ocampo-Aguirre stated that she did not feel that the children should be with Hernandez because he had shown he was not able to handle the children's hygiene by failing to take his daughter to the hospital and failing to keep his son clean. The Attorney General took no position as to the modification other than to request that the prior order remain in effect if the trial court denied Hernandez's motion for modification. The Attorney General urged that the prior order required

---

[1] The original order and Hernandez's petition to modify were filed in Travis County, but the case was subsequently transferred to Hays County based on the location of the children. Like the original order, the transfer order was signed by the trial court, Hernandez, Ocampo-Aguirre, and a representative of the Attorney General's office.

Hernandez to pay cash medical support, that Hernandez was in arrears, and that the Attorney General sought to recover the arrearages.[2]

Hernandez testified and called Reese as a witness. Ocampo-Aguirre also testified and cross-examined Reese. The Attorney General cross-examined all three witnesses, including questioning Hernandez about payment of the medical support arrearages, but did not call any witnesses of its own. The trial court also asked questions of Hernandez. Following the hearing, the trial court rendered an order finding that the appointment of the parents as joint managing conservators was not in the best interests of the children, naming Reese sole managing conservator and the parents possessory conservators of the children, and setting out the respective rights and duties of the managing and possessory conservators. The order also granted against Hernandez and in favor of the Office of the Attorney General a medical support judgment in the amount of $2,130.75, with interest at the rate of 6% per annum, to be paid by payments of $25.00 per month.[3] This appeal followed. Neither Ocampo-Aguirre nor the Attorney General has filed an appellate brief with this Court.

## DISCUSSION

In his first issue, Hernandez argues that the trial court exceeded its jurisdiction by awarding relief to a nonparty, i.e., by appointing Reese managing conservator of the children. We review a trial court's appointment of a nonparent as sole managing conservator for abuse of

---

[2] The Assistant Attorney General also argued before the trial court that although the grandmother had been in possession of the children for "the past three years," she was not "a party to the case in terms of filing an intervention or anything as such."

[3] On appeal, Hernandez does not challenge this judgment for arrears in medical support.

discretion and reverse only if we determine it is arbitrary or unreasonable or without reference to any guiding principles. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *In re I.L.G.*, No. 14-17-00231-CV, 2017 Tex. App. LEXIS 8848, at *19 (Tex. App.—Houston [14th Dist.] Sept. 20, 2017, no pet.). In contexts other than child conservatorship, Texas courts have held that a trial court lacks jurisdiction to enter judgment for a nonparty. *See, e.g.*, *Clayton Williams Energy, Inc. v. BMT O & G TX, L.P.*, 473 S.W.3d 341, 355 (Tex. App.—El Paso 2015, pet. denied) (vacating portion of judgment awarding title and injunctive relief to nonparty); *Chesapeake Operating, Inc. v. Denson*, 201 S.W.3d 369, 373 (Tex. App.—Amarillo 2006, pet. denied) (holding that trial court lacked jurisdiction to adjudicate potential claims of nonparties). However, the Texas Supreme Court has held that "a suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests the court with decretal powers in all relevant custody, control, possession and visitation matters involving the child. The courts are given wide discretion in such proceedings." *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967);[4] *see In re B.O.*, No. 02-16-00485-CV, 2017 Tex. App. LEXIS 5497, at *80 n.29 (Tex. App.—Fort Worth June 15, 2017, no pet.) (mem. op.) (quoting *Leithold*); *In re P.M.G.*, 405 S.W.3d 406, 417–18 (Tex. App.—Texarkana 2013, no pet.) (same); *Rubinett v. Rubinett*, No. 02-08-00021-CV, 2009 Tex. App. LEXIS 3397, at *6–7 (Tex.

---

[4] Hernandez asserts that *Leithold* is distinguishable from this case, but he does so in the context of his second issue, which concerns sufficiency of pleadings to support a judgment under the Texas Rules of Civil Procedure. *See* 413 S.W.2d 698, 701 (Tex. 1967) (stating that technical rules of pleading are "of little importance" in custody matters); *see also* Tex. R. Civ. P. 301 (requiring that judgment conform to pleadings). Because we do not rely on the statements in *Leithold* pertaining to the rules of pleading and because, as explained below, we do not reach Hernandez's second issue, we need not address his arguments distinguishing *Leithold* as it applies to his second issue.

App.—Fort Worth May 14, 2009, pet. denied) (mem. op.) (same); *In re B.M.*, 228 S.W.3d 462, 465 (Tex. App.—Dallas 2007, no pet.) (same); *see also Cain v. Cain*, No. 14-07-00115-CV, 2007 Tex. App. LEXIS 9276, at *12 (Tex. App.—Houston [14th Dist.] Nov. 29, 2007, no pet.) (mem. op.) (citing *In re B.M.*). Hernandez sought a modification of conservatorship and asked to be appointed sole managing conservator. This request "necessarily invoked the jurisdiction of the trial court over the matters of custody and control, imbuing the trial court with 'decretal powers' over" conservatorship. *See In re P.M.G.*, 405 S.W.3d at 417.

Nonetheless, we agree with Hernandez that the trial court erred in appointing Reese managing conservator and conclude that the trial court abused its discretion in doing so. While trial courts have wide discretion in deciding family law questions, "the Legislature has explicitly limited the exercise of that discretion in the appointment of a nonparent as managing conservator." *Lewelling v. Lewellling*, 796 S.W.2d 164, 168 (Tex. 1990). A grandparent does have the right to file suit requesting managing conservatorship or intervene in an existing custody proceeding. *See* Tex. Fam. Code §§ 102.003(13), .004(a); *In re Marriage of Campbell*, No. 06-08-00088-CV, 2009 Tex. App. LEXIS 1407, at *15 (Tex. App.—Texarkana Feb. 27, 2009, no pet.) (mem. op.); *Landry v. Nauls*, 831 S.W.2d 603, 605 (Tex. App.—Houston [14th Dist.] 1992, no writ). However, when there is an ongoing custody proceeding, a grandparent must *intervene* and present affirmative evidence sufficient to satisfy the burden of proof that "the order sought is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development." Tex. Fam. Code § 102.004(a)(1); *see Landry*, 831 S.W.2d at 605–06 (addressing predecessor to section 102.004); *see also In re Marriage of Campbell*, 2009 Tex. App. LEXIS 1407,

5

at *15 (stating that nonparty grandmother could have intervened pursuant to section 102.004 to seek access to and possession of grandchildren). Here, Reese appeared only as a witness called by Hernandez. She did not intervene, attempt to file any pleading, seek any affirmative relief, call or cross-examine any witnesses, make an opening or closing statement, or offer any testimony or evidence in support of her appointment as managing conservator.[5] Rather, following the parties' closing arguments, the trial court sua sponte announced its determination to appoint Reese managing conservator.

In the absence of any attempt to satisfy the statutory requirements for grandparent intervention, Reese's appointment as managing conservator "was not before the trial court." *See In re Marriage of Campbell*, 2009 Tex. App. LEXIS 1407, at *15. Further, if a trial court awards conservatorship to a nonparent that neither brought nor intervened in the conservatorship proceeding, the due process rights of the parents who are parties to the proceeding may be violated. *See University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995) (stating that due process minimally requires reasonable notice and opportunity to be heard at meaningful time and in meaningful manner). Here, neither party requested that Reese be appointed managing conservator, and consequently neither party briefed or argued that her appointment would be justified. And, as explained above, Reese did not seek the appointment. The surprise appointment of Reese as managing conservator violated the parents' due process rights. *See id.*; *see also Micone v. Micone*,

---

[5] Although in filling out the form order used, the trial court checked the box indicating that Reese "appeared in person pro se," it is clear from the record that Reese appeared only as a witness. In fact, when Reese asked to make an independent comment, the judge instructed her that she had to wait for a question.

368 P.3d 1195, 1197 (Nev. 2016) (citing *Landry* and holding that parents' due process rights were violated where trial court awarded custody to nonparty grandparents). For these reasons, we conclude that the trial court abused its discretion in awarding managing conservatorship to the children's paternal grandmother, Reese. *See Landry*, 831 S.W.2d at 606 (concluding that trial court abused its discretion in awarding managing conservatorship to nonparty grandmother); *see also In re Marriage of Campbell*, 2009 Tex. App. LEXIS 1407, at \*16 (holding that trial court abused its discretion in granting access and possession to nonparty grandmother); *Micone*, 368 P.3d at 1197 (concluding that trial court abused its discretion in awarding custody to nonparty grandparents). We sustain Hernandez's first issue in part.[6]

## CONCLUSION

We reverse the trial court's order to the extent it appoints Reese managing conservator, appoints Hernandez and Ocampo-Aguirre possessory conservators, and sets out the rights and duties of the respective conservators, and affirm the order in all other respects. We remand this case to the trial court for further proceedings consistent with this opinion.[7]

---

[6] Because we sustain in part Hernandez's first issue, which is dispositive, we do not reach his second issue, in which he argues that the trial court erred in appointing Reese managing conservator because the order grants relief not requested by any pleadings.

[7] Hernandez has filed an unopposed motion to amend case caption, requesting that this case be styled in the initials of the children. We grant Hernandez's motion.

7

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Affirmed in Part; Reversed and Remanded in Part

Filed:   October 27, 2017